1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE WESTERN DISTRICT OF WASHINGTON

9

SEATTLE DIVISION

10

| DEVIN A. WHITTIER, Individually, | No. |
|---|---|
| Plaintiff, | **DEFENDANT SEATTLE TUNNEL PARTNERS'S NOTICE OF REMOVAL OF ACTION** |
| vs. | |
| SEATTLE TUNNEL PARTNERS, a joint venture; HARRIS REBAR SEATTLE, INC., a Delaware corporation; | **JURY DEMAND** |
| Defendants. | |

11
12
13
14
15
16
17

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

18

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE:**

19

PLEASE TAKE NOTICE that Defendant Seattle Tunnel Partners ("STP"), a joint venture

20

("Defendant") hereby removes to this Court the State action described below in accordance with

21

28 U.S.C. §§ 1332, 1441, and 1466.

22

### I.        STATE COURT ACTION

23

1.        The State Court action to be removed is *Devin A. Whittier v. Seattle Tunnel*

24

*Partners and Harris Rebar Seattle, Inc.,* Washington State Superior Court for King County Case

25

No. 17-2-04219-6 SEA, to the United States District Court for the Western District of

26
27

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 1

1  Washington, Seattle Division, on the grounds set forth herein.   (Plaintiff's First Amended

2  Complaint for Personal Injuries and Damages – **Exhibit 1**.)

3                    **II.   TIME FOR REMOVAL**

4       2.      Plaintiff filed its action in King County Superior Court on February 22, 2017.

5  Plaintiff served Defendant through its registered agent CT Corporation System in the State of

6  Washington, on April 14, 2017.   Defendant therefore has until May 15, 2017 to move for removal

7  to this Federal District Court. 28 U.S.C. § 1446(b).[1]   (Declaration of Service of Tutor Perini

8  Corporation – **Exhibit 2**.) (Declaration of Service of Dragados USA, Inc. – **Exhibit 3**.)

9                    **III.   BASIS FOR REMOVAL**

10      3.      A party may seek removal of a State Court action where the amount in controversy

11  exceeds $75,000 and the action is between citizens of different states.   28 U.S.C. § 1332(a)(1).

12      **A.   Amount in Controversy**

13      4.      Where it is not factually evident from the complaint that the amount in controversy

14  exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the

15  amount in controversy meets the jurisdictional requirement.   *Matheson v. Progressive Specialty*

16  *Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).   Moreover, "[t]he notice of removal shall…set forth

17  the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages

18  in excess of the jurisdictional amount of this court…" LCR 101(a).

19      5.      The preponderance of the evidence standard was recently re-affirmed in the Federal

20  Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.

21  According to the House Report accompanying the bill, "circuits have adopted differing standards

22  governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed'

23  and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff

24  originally files in Federal court have not translated well to removal, where the plaintiff often may

25  not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by

26

---

[1] Thirty days from the date of service of April 14, 2017 is technically Sunday, May 14, 2017.   Pursuant to LCR 6(a)
27  and Fed. R. Civ. P. 6(a)(1)(c), because the last day of the period falls on a Sunday, the period continues to run until the
end of the next day that is not a Saturday, Sunday, or legal holiday.

DEFENDANT SEATTLE TUNNEL PARTNERS'S                    LEWIS BRISBOIS BISGAARD & SMITH LLP
NOTICE OF REMOVAL - 2                                  1111 Third Avenue, Suite 2700
                                                       Seattle, Washington 98101
                                                       206-436-2020
                                                       206-436-2030 Fax

1   it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a

2   legal certainty that the amount in controversy requirement has been met. Rather, defendants may

3   simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

4          6.      It is "facially apparent" from the nature of the claims alleged, and more likely than

5   not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive

6   of interests and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

7   1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state

8   court complaint does not specify amount in controversy, removing defendant need only provide

9   evidence establishing that it is more likely than not that the amount in controversy exceeds the

10  federal jurisdictional requirements; to determine subject matter jurisdiction, the court may

11  entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); *see also In*

12  *re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that

13  complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for

14  alleged "serious and life-threatening medical conditions" due to use of prescription medicine);

15  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent

16  that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist,

17  knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering,

18  mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and

19  permanent disability and disfigurement).

20         7.      Similar damage allegations personal injury cases have been held to establish, on

21  their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g.,*

22  *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D.

23  Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent

24  injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and

25  suffering, and sued for compensatory and punitive damages, it was facially apparent from face of

26  complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court;

27  motion for remand denied); *accord Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704,

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 3

1    709-712 (S.D. Miss. 2004).

2         8.     The face of the Complaint does not establish that Plaintiff seeks damages in excess

3    of $75,000. However, Plaintiff alleges that he was "impaled by a protruding piece of reinforcing

4    bar and severely injured." (Ex. 1, ¶ 3.22).  Plaintiff further alleges that he "…has suffered severe

5    and grievous bodily injury, permanent disability, bodily impairment, pain and suffering, past and

6    future economic loss, and has incurred medical and other expenses and will continue to incur

7    medical and related expenses and expenses from relying on the help and assistance from family

8    members and friends to provide necessary services for various needs created by his injuries and

9    medical conditions in the future." (Ex. 1, ¶ 5.1).

10        9.     On May 11, 2017 Plaintiff's counsel sent defense counsel a copy of the State of

11   Washington Department of Labor and Industries ("WDLI") letter dated May 2, 2017, reflecting a

12   lien for medical aid amounts and time-loss compensation purportedly spent on Plaintiff in the

13   amount of **$188,740.94**. (WDLI May 2, 2017 Letter – **Exhibit 4**.).

14        10.    Based on the nature of the damages alleged in the Complaint, which includes

15   anticipated future economic loss and medical and other expenses, and the WDLW letter reflecting

16   a current L&I lien of $188,740.94, it is more likely than not the damages sought by Plaintiff

17   arising from the incident described in Plaintiff's First Amended Complaint for Personal Injuries

18   and Damages is in excess of the $75,000 threshold. *See Singer, Del Real, supra.*

19                    **B.     Diversity of Citizenship**

20        11.    This is a personal injury action arising from alleged damages resulting from a

21   workplace injury in Seattle, King County, Washington. *See* generally Ex. 1.

22        12.    A party may allege diversity jurisdiction upon "information and belief" where the

23   facts supporting jurisdiction are not "reasonably ascertainable," and in "'unusual circumstances,' a

24   party need not affirmatively allege the citizenship of an opposing party." *Carolina Cas. Ins. Co. v.*

25   *Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).  Paragraph 1 of Plaintiff's Complaint

26   asserts that Plaintiff is a resident of Washington state.  (Ex. 1, ¶ 1.1). "The determination of a

27   litigant's state citizenship for purposes of diversity jurisdiction is a matter of federal law…[and]

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

1  although it is settled that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather

2  than residence, considerations on which federal courts rely in determining domicile often derive

3  from state choice-of-law rules that have been developed in such diverse contexts as probate

4  jurisdiction, taxation of incomes or intangibles, or divorce law." *Stifel v. Hopkins*, 477 F.2d 1116,

5  1120 (6th Cir. Ohio 1973) (internal citations omitted). "To show state citizenship for diversity

6  purposes under federal common law a party must (1) be a citizen of the United States, and (2) be

7  domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)

8  (internal citations omitted).  In order to be "domiciled" within a particular state, a "person must be

9  physically present in the state and must have either the intention to make his home there

10  indefinitely or the absence of an intention to make his home elsewhere." *Gilbert v. David*, 235

11  U.S. 561, 569-70, 35 S. Ct. 164 (1915).  Plaintiff identifies his place of residence for all times

12  material to this action as Puyallup, Washington. (Ex. 1, ¶ 1.1). Upon information and belief,

13  Defendant asserts Plaintiff is domiciled in Washington, and thus, is a citizen of the State of

14  Washington.

15        13.      Defendant is and was at all relevant times hereto a joint venture between Dragados

16  USA, Inc. ("Dragados") and Tutor Perini Corporation ("Tutor Perini"). (Ex. 1,  ¶ 1.2). Dragados is

17  a Delaware corporation and Tutor Perini is a Massachusetts corporation. *Id.*, ¶ ¶   1.3, 1.4.

18  Dragados' corporate headquarters is located in New York, NY and Tutor Perini's corporate office

19  is located in Sylmar, CA. Harris Rebar Seattle, Inc., is a Delaware corporation, *Id.*, ¶ 1.5. Upon

20  information and belief, Harris Rebar's administration office is located in Stoney Creek, Ontario,

21  Canada.

22        14.      The citizenship of a joint venture is determined by the citizenship of its individual

23  partners/members. *Carson Constr. Co. v. Fuller-Webb Constr.*, 198 F. Supp. 464 (D. Mt. 1961*)*.

24  *See also Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004); *VMS/PCA Ltd.*

25  *Partnership v. PCA Partners Ltd. Partnership*, 727 F. Supp. 1167 (N.D. Ill. 1989).  "[D]iversity

26  jurisdiction in a suit by or against [an artificial entity] depends on the citizenship of 'all its

27  members'…'the several persons composing such association' [or] 'each of its members.'" *Carden*

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

1    *v. Arkoma Assocs.*, 494 U.S. 185, 195 (1989). Thus, for the purpose of removal based on diversity

2    jurisdiction, Defendant STP is both a citizen of the State of Delaware (Dragados) and a citizen of

3    the State of Massachusetts (Tutor Perini). 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 U.S.

4    77, 92-93 (2010); *Carden, Carson Constr. Co., supra*.

5        15.    Removal of this action on the basis of diversity of citizenship is proper under 28

6    U.S.C. § 1332 because there is complete diversity between Plaintiff and all named defendants, and

7    no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

8        16.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in State court of which

9    the district courts of the United States have original jurisdiction, may be removed by the defendant

10   . . . to the district court of the United States for the district and division embracing the place where

11   such action is pending." This action was pending in Washington State Superior Court for King

12   County.  Accordingly, under 28 U.S.C. § 1441(a), removal is proper to the United States District

13   Court for the Western District of Washington, Seattle Division, because this district and division

14   embraces King County. *See* LCR 3(e).

15                        IV.   **REQUIRED DOCUMENTS**

16       17.    Defendant will promptly file a copy of this Notice with the Clerk of the King

17   County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

18       18.    In accordance with 28 U.S.C. § 1446 and LCR 101 (b)(1), attached are the

19   following documents which have been served on Defendant: Plaintiff's First Amended Complaint

20   for Personal Injuries and Damages (**Exhibit 1**); Declaration of Service of Tutor Perini Corporation

21   (**Exhibit 2**) and; Declaration of Service of Dragados USA, Inc. (**Exhibit 3**).

22       19.    Within 14 days of this Notice, Defendant will file with the United States District

23   Court for the Western District of Washington, Seattle Division, black-and-white copies of all

24   additional records and proceedings in the State Court, together with counsel's verification that

25   these are true and complete copies of all records and proceedings. LCR 101(c).

26       20.    As permitted by Fed. R. Civ. P.  38, Fed. R. Civ. P. 81(c)(3), and LCR 38(b) and

27   101(e), Defendant will file a separate jury demand.

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

1

**V.    CO-DEFENDANT'S CONSENT TO REMOVAL**

2      21.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Harris Rebar Seattle, Inc.

3    consents to the removal of this action.

4

5      WHEREFORE, Defendant Seattle Tunnel Partners requests that the above-captioned

6    action, *Devin A. Whittier v. Seattle Tunnel Partners and Harris Rebar Seattle, Inc.,* Washington

7    State Superior Court for King County Case No. 17-2-04219-6 SEA, be removed to the United

8    States District Court for the Western District of Washington at Seattle.

9      DATED this 15th day of May, 2017.

10                        LEWIS BRISBOIS BISGAARD & SMITH LLP

11                        */s/ Michael A. Jaeger*

12                        */s/ Keith M. Hayasaka*
                          Michael A. Jaeger, WSBA # 23166
13                        Keith M. Hayasaka, WSBA # 51949
                          1111 Third Avenue, Suite 2700
14                        Seattle, WA 98101
                          (206) 436-2026 / (206) 436-2030 Fax
15                        E-mail: Michael.Jaeger@lewisbrisbois.com
16                               Keith.Hayasaka@lewisbrisbois.com
                          Attorneys for Defendant STP .
17

18

19

20

21

22

23

24

25

26

27

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

# DECLARATION OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

I hereby certify that on May 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On the date given below, I also caused to be sent out for service a true and correct copy of the foregoing on the following parties in the manner indicated:

| *Plaintiff's Counsel*<br>R. Randall Harrison, WSBA #16514<br>Torrone Law LLC<br>705 South 9th Street, Suite 201<br>Tacoma, WA 98405 | [x] via U.S. Mail, first class, postage prepaid<br>[ ] via UPS overnight service<br>[ ] via Legal Messenger Hand Delivery<br>[x] via CM/ECF<br>[ ] via Facsimile<br>[ ] via E-mail |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

Executed this 15th day of May, 2017, at Seattle, Washington.

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  */s/ Silvia Webb*
Silvia Webb, Legal Secretary
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020
Silvia.Webb@lewisbrisbois.com

DEFENDANT SEATTLE TUNNEL PARTNERS'S
NOTICE OF REMOVAL - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

EXHIBIT 1

1
2
3
4
5
6          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
7                    IN AND FOR THE COUNTY OF KING
8
9    DEVIN A. WHITTIER, Individually,
10                                              CAUSE NO.  17-2-04219-6 SEA
                          Plaintiff,
11                                              FIRST AMENDED
           v.                                   COMPLAINT FOR PERSONAL
12                                              INJURIES AND DAMAGES
13   SEATTLE TUNNEL PARTNERS, a joint
     venture; HARRIS REBAR SEATTLE, INC., a
14   Delaware corporation;
15                        Defendants.
16         COMES NOW the Plaintiff, DEVIN A. WHITTIER, individually, by and
17   through his counsel of record, R. Randall Harrison and Christopher G. Torrone of
18   TORRONE LAW OFFICE, LLC, and for his cause of action against the named
19   defendants herein, alleges and states as follows:
20
21                              I. PARTIES
22         1.1    That the Plaintiff, Devin A. Whittier, was at all times material herein not
23   married and an individual resident of Puyallup, Pierce County, State of Washington.
24
25
26   AMENDED COMPLAINT FOR DAMAGES - 1

1.2     Defendant Seattle Tunnel Partners ("STP") is a joint venture of Dragados USA, Inc., and Tutor Perini Corporation, and was contracted to construct the Seattle Tunnel Project for the Washington State Department of Transportation.

1.3     Dragados USA, Inc., is a Delaware corporation, is registered to do business in the State of Washington, and at all times material hereto was doing business in King County, Washington in joint venture with Tutor Perini Corporation.

1.4     Tutor Perini Corporation, is a Massachusetts corporation, registered to do business in the State of Washington, and at all material times hereto was doing business in King County, Washington in joint venture with Dragados USA, Inc.

1.5     Harris Rebar Seattle, Inc., is a Delaware Corporation, registered to do business in the State of Washington, and at all times material hereto was doing business in King County, Washington, as a subcontractor on the Seattle Tunnel Project.

## II. JURISDICTION AND VENUE

2.1     This court has subject matter jurisdiction under RCW 2.08.010.

2.2     This court has personal jurisdiction over STP under RCW 4.28.185 because STP does business and owns property in Washington.

2.3     This court has personal jurisdiction over Harris Rebar Seattle, Inc., under RCW 4.28.185 because Harris Rebar Seattle, Inc. does business and owns property in Washington.

2.4     Venue is proper in King County under RCW 4.12.025(1) because STP and Harris Rebar were doing business in King County, Washington.

AMENDED COMPLAINT FOR DAMAGES - 2

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

### III. FACTS

3.1    Defendant STP was the general contractor on the SR 99 Bored Tunnel Alternative Design Build Project.

3.2    On December 10, 2010 the General Contractor, through their authorized agents, James Frost, Tutor Perini Corporation and Fernando Gonzales Alcañiz, Dragados U.S.A., Inc., members of joint venture Defendant STP entered into a Design-Build Contract (the "Contract") with the Washington State Department of Transportation ("WSDOT") in which STP agreed to perform certain design, engineering and construction services for the SR 99 Bored Tunnel Alternative Design-Build Project on the Alaskan Way Viaduct in Seattle, King County, Washington (the "Project").

3.3    The December 10, 2010 Contract required STP to adhere to certain performance standards including providing a project manager who would be present or have an approved designee present at the project site at all times during construction while work was being performed.  The Contract also provided for STP to comply with all laws and to supervise and be solely responsible for and have control over the construction means, methods, techniques, sequences, procedures and site safety.

3.4    The December 10, 2010 Contract required STP to be solely responsible for coordinating all portions of the work at the project site.

3.5    Defendant STP's contract required and obligated it to take all reasonable precautions and have the duty and responsibility for safety on the Project worksite.

AMENDED COMPLAINT FOR DAMAGES - 3

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

3.6    Defendant STP also contracted to comply with an apprentice utilization requirement pursuant to a State-approved apprentice training program provided by the Department of Labor and Industries.

3.7    Defendant General Contractor STP entered into a Subcontract with Harris Rebar Seattle, Inc., through their authorized agent, Lyall Hadden, on February 1, 2012. The scope of subcontractor Harris Rebar's work was providing reinforcing steel at the SR 99 Project. Harris Rebar's portion of the Project consisted of installation of reinforcing steel in pile caps, cont. footings, slab on grade, elevated two way slab, slab on metal deck, tunnel, grade beams, deck beams, column dowels, typical columns, CIP walls, wall dowels, site work, curbs, elevator pit and stair footing.

3.8    Defendant STP also entered into a second subcontract with Harris Rebar Inc., through its authorized agent, Mark Pequegnat, on July 15, 2013. The scope of this subcontract was to fabricate and install the reinforcing steel for the North and South Operations buildings and Mitigation buildings for the SR 99 Project. Defendant Harris Rebar was to furnish and install to the satisfaction of the Contractor, all labor, equipment, materials, supplies, services, cost of all applicable sales or use taxes, fees, permits, etc. Including but not limited to the following items of work:  reinforcing steel and supports for the North Operations, South Operations and Mitigation buildings.

3.9    Defendant Harris Rebar Seattle, Inc., subcontracted with its wholly owned subsidiary, Central Steel, Inc., to provide labor for the fulfillment of its contractual obligations to the Project.

AMENDED COMPLAINT FOR DAMAGES - 4

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

3.10   Central Steel, Inc. employed Plaintiff Devin A. Whittier as an ironworker.

3.11   Defendant Harris Rebar Seattle, Inc.'s responsibilities as subcontractor were to provide a Project Superintendent to oversee the Project Safety Program and to ensure that all inspections, reporting and records required by the Site Specific Safety Plan and the Company Injury and Illness Prevention Program were being completed and submitted.

3.12   Defendant Harris Rebar Seattle, Inc.'s responsibilities as subcontractor were to provide a Project Foreman to implement and enforce the Site Specific Safety Plan and the Company Injury and Illness Prevention Program and to conduct continual observational safety checks and assess the safety of the operations assigned and to see that any unsafe acts or conditions were corrected as required and to immediately report all accidents, injuries and near miss incidents to the General Contractor.

3.13   Defendant Harris Rebar's responsibilities as subcontractor was to provide employees who were adequately trained and supervised to understand and adhere to the policies and procedures of the Site Plan and to federal, state, local and project regulations.

3.14   Defendant Harris Rebar's Project General Foreman was responsible for conducting visual inspections and for reporting of any unsafe acts or condition on the jobsite to the Project Superintendent for immediate correction; and the Project Superintendent was responsible for documenting any unsafe conditions and corrections at the jobsite in his/her daily report.

AMENDED COMPLAINT FOR DAMAGES - 5

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

3.15   Defendant Harris Rebar's Safety Coordinator and Field Safety Officer were responsible for conducting periodic site safety assessments and for submitting written reports to the Safety Officer.

3.16   Defendant Harris Rebar's Branch Manager Safety Officers were responsible for the Safety Program's effectiveness.  It was the responsibility of the Harris Rebar Safety Officer to identify and communicate any hazards and corrections of unsafe conditions at the Project site.

3.17   Defendant Harris Rebar's Field Superintendent was responsible for the monitoring of the Project site for hazards or unsafe working conditions through personal observations and to keep a written record of the inspections and to participate in site inspections with the appointed safety officials and to implement corrective measures as required to ensure safety at the Project site.

3.18   STP and Harris Rebar were responsible for general construction services to the Project including insuring that all protruding pieces of reinforcing rebar were significantly protected with sufficient means to prevent the impalement of workers installing rebar directly above the exposed rebar.

3.20   On February 12, 2015, Plaintiff Devin A. Whittier was an apprentice ironworker for employer Central Steel, Inc., and was performing construction work on the Project.

3.21   On February 12, 2015, Plaintiff Whittier along with other crew members were working at the construction site in the elevator pit when the rebar wall that they

AMENDED COMPLAINT FOR DAMAGES - 6

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

were constructing detached from the forms and fell away with the employees attached to the rebar wall.

3.22    Plaintiff Whittier was impaled by a protruding piece of reinforcing bar and severely injured.    The protruding piece of rebar was insufficiently protected with sufficient means to prevent the impalement.

## IV. CAUSES OF ACTION-TORTIOUS CONDUCT

4.1    The Defendant STP, as the General Contractor, had a common law non-delegable legal duty to the Plaintiff as an employee of a subcontractor, Central Steel, Inc. to provide a safe place of work. The Defendant breached that duty. This breach proximately caused injury and damage to the Plaintiff.

4.2    The Defendant Harris Rebar negligently failed to provide the Plaintiff with a safe place to work at the Project site; this failure proximately caused injury and damages to the Plaintiff.

4.3    The Defendants STP and Harris Rebar failed to follow and comply with applicable OSHA, WISHA and various other regulations, including but not limited to administrative, technical and safety regulations at the Project site; and were in violation of WAC 296-155-680(7)(a) and WAC 296-155-680(7)(o) and these failures proximately caused injury and damage to the Plaintiff.

4.4    The Defendants STP and Harris Rebar negligently failed to provide adequate safety training of the employees and subcontractors; these failures proximately caused injury and damage to the Plaintiff.

AMENDED COMPLAINT FOR DAMAGES - 7

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

4.5     The Defendants STP and Harris Rebar negligently failed to provide adequate supervision of subcontractors and employees on the Project and this failure proximately caused injury and damage to the Plaintiff.

4.6     The Defendants STP and Harris Rebar negligently failed to properly institute and supervise safety procedures and practices of its employees and subcontractors on the Project; these failures proximately caused injury and damage to the Plaintiff.

4.7     There are no other entities liable or responsible for the injuries and damages suffered by Plaintiff.

4.8     Plaintiff Devin A. Whittier did not breach any duty to himself and was not negligent in this matter.


## V. DAMAGES

5.1     Plaintiff Devin A. Whittier as a direct and proximate result of the negligent acts and/or omissions of the Defendants STP and Harris Rebar, has suffered severe and grievous bodily injury, permanent disability, bodily impairment, pain and suffering, past and future economic loss, and has incurred medical and other expenses and will continue to incur medical and related expenses and expenses from relying on the help and assistance from family members and friends to provide necessary services for various needs created by his injuries and medical conditions in the future. Plaintiff Devin A.

AMENDED COMPLAINT FOR DAMAGES - 8

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

Whittier as a further proximate result will continue to experience pain and suffering, both mental and physical, disability, disfigurement, and loss of enjoyment of life. Additionally, Plaintiff Devin A. Whittier has suffered other special and general damages that shall be proven at the time of trial.

## VI. LIMITED PHYSICIAN-PATIENT PRIVELEGE WAIVER

6.1    Plaintiff Devin A. Whittier, pursuant to RCW 5.60.060, as amended by the laws of 1986, hereby grant limited waiver of the physician-patient privilege. The scope of this waiver is as follows:

A.    This waiver shall take effect regarding this lawsuit for personal injuries on the 89th day from the date the action was filed;

B.    This waiver shall be subject to such limitations as the Court may impose. The waiver shall at all times be limited by an order entered in connection therewith by the King County Superior Court; and

C.    This waiver shall only apply to the privilege which exists under RCW 5.60.060 and shall not be deemed to be broader in its scope nor apply to physician-patient privileges nor governed by RCW 5.60.060. Constitutional rights of privacy, impairment or interference with the doctor/patient relationship, and other rights not governed by RCW 5.60.060 regarding physician-patient relationships are not waived. This waiver is made solely to comply with the legal obligation required by the 1986 amendment to RCW 5.60.060 requiring such waiver within 90 days of the filing of an action for personal injuries.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the named Defendants herein, jointly and severally, as follows:

1.    For general damages in an amount sufficient to fully compensate the Plaintiff for his injuries and loss in an amount to be proven at trial;

AMENDED COMPLAINT FOR DAMAGES - 9

Torrone Law LLC.
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

2.   For such special damages as Plaintiff is able to prove at the time of trial, including but not limited to lost wages, loss of earning capacity and medical expenses and prejudgment interest on any special damages which will be proven at trial;

3.   For Plaintiff's costs and disbursements herein, to be taxed according to law;

4.   For such other and further relief as the Court may deem just and equitable in the circumstances.


## VIII. JURY DEMAND

Plaintiff hereby requests that this matter be tried by a jury of twelve (12) persons.

DATED April 3, 2017.

TORRONE LAW OFFICES, LLC

R. Randall Harrison, WSBA No. 16514
Attorney for Plaintiff

AMENDED COMPLAINT FOR DAMAGES ~ 10

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

# EXHIBIT 2

IN THE SUPERIOR COURT FOR STATE OF WASHINGTON
IN AND FOR KING COUNTY

DEVIN A. WHITTIER, Individually,

Plaintiff,

v.

SEATTLE TUNNEL PARTNERS, a joint
venture; HARRIS REBAR SEATTLE, INC.,
a Delaware corporation,

Defendants.

CAUSE NO. 17-2-04219-6 SEA

DECLARATION OF SERVICE
OF TUTOR PERINI CORPORATION

*I Declare:*

1. I am over the age of 18 years, and I am not a party to this action.
2. I PERSONALLY SERVED **TUTOR PERINI CORPORATION** via the Registered
   Agent – CT Corporation System, 505 Union Ave. SE, Ste 120, Olympia, WA 98501
   the following documents:

   1. Amended Complaint for Damages;
   2. Amended Summons;
   3. Civil Order Setting Case Schedule;
   4. Case Cover Sheet

I declare under penalty of perjury under the laws of the state of Washington that the
foregoing is true and correct.

DATED THIS 14 DAY OF APRIL, 2017.

JAMES KAYLOR
West Coast Investigations

DECLARATION OF SERVICE –
*TUTOR PERINI CORP. - Page 1 of 1*

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

# EXHIBIT 3

1

2

3

4                    IN THE SUPERIOR COURT FOR STATE OF WASHINGTON
                                IN AND FOR KING COUNTY
5

6    DEVIN A. WHITTIER, Individually,

7                                   Plaintiff,          CAUSE NO. 17-2-04219-6 SEA

8
         v.                                             DECLARATION OF SERVICE
9                                                       OF **DRAGADOS USA, INC.**

10   SEATTLE TUNNEL PARTNERS, a joint
     venture; HARRIS REBAR SEATTLE, INC.,
11   a Delaware corporation,

12                                  Defendants.

13   *I Declare*:

14   1.    I am over the age of 18 years, and I am not a party to this action.
15   2.    I PERSONALLY SERVED **DRAGADOS USA, INC.** via the Registered Agent --
           Corporation Service Company, 300 Deschutes Way SW, Ste 304, Tumwater, WA
16         98501 the following documents:

17         1.    Amended Complaint for Damages;
18         2.    Amended Summons;
           3.    Civil Order Setting Case Schedule;
19         4.    Case Cover Sheet

20         I declare under penalty of perjury under the laws of the state of Washington that the

21   foregoing is true and correct.

22         DATED THIS   14   DAY OF APRIL, 2017.

23

24

25                                           JAMES KAYLOR
                                             West Coast Investigations
26
     DECLARATION OF SERVICE --                         Torrone Law LLC
     *DRAGADOS USA, INC.* - Page 1 of 1                705 South 9th Street, Suite 201
                                                       Tacoma, WA 98405
                                                       (253) 327-1280

EXHIBIT 4



STATE OF WASHINGTON

# DEPARTMENT OF LABOR AND INDUSTRIES
THIRD PARTY SECTION   PO BOX 44288
OLYMPIA WASHINGTON  98504-4288

May 02, 2017                           CLAIM ID: AU00114  UNIT: 6
                                       INJURY DATE: 02/12/15

R RANDALL HARRISON
TORRONE LAW, LLC
705 S. 9TH ST, STE 201
TACOMA WA  98405

To Whom It May Concern:

To date, the Department of Labor and Industries has spent
$188,740.94 ON DEVIN ANTONIO WHITTIER.

         Medical Aid Paid........................$ 102,170.19
         Accident Fund Paid:
             Time-Loss Compensation............$  86,570.75
             Permanent Partial Disability......$      0.00
             PPD Interest......................$      0.00
             Miscellaneous ....................$      0.00

These amounts, showing our current expenditures, must be paid
back when a settlement is received.  These costs will increase
if we make additional payments.

We suggest that before you make a decision on any settlement
in the third party action, you send a copy of the offer to us.
We will review the offer to make sure it is sufficient to cover
the costs that have been, or will be, paid on the claim.

We also remind you that without our written approval, a
settlement that doesn't cover past and future industrial
insurance costs is invalid.

Please keep us informed on the progress of your case.  If you
have filed a lawsuit, please send us a copy for our records.
If not, please advise us if you prefer Labor and Industries
to consider taking third party action.

We look forward to hearing from you.

Sincerely,

SARAH E JACKSON
(360) 902-5102

ST02.0B