1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

7
8
9

DEVIN A. WHITTIER, Individually,

10

Plaintiff,

11

v.

12

SEATTLE TUNNEL PARTNERS, a joint
venture; HARRIS REBAR SEATTLE, INC.,
a Delaware corporation;

13
14

Defendants.

15

Case No.   2:17-cv-00751

**PLAINTIFF'S MOTION TO
REMAND CASE TO STATE
COURT**

<u>**NOTE ON MOTION CALENDAR**</u>
**FRIDAY, JULY 7, 2017**

16

      Pursuant to Rule 15(a), Plaintiff hereby submits this motion and moves the

17

Court for an order remanding this case to state court pursuant to 28 U.S.C. § 1447(c)

18
19

for failure to timely file a Notice of Removal pursuant to 28 USC 1441 and Local

Rules W.D. Wash. 101 (b) (1), and for an award of attorneys' fees and costs incurred as

20
21

a result of Defendant's petition for removal.  For the Court to assume jurisdiction, the

22

petition for removal must prove that the jurisdictional statutory requirements and local

23
24

court rules were met.  Because the Defendant failed to carry that burden, remand is

25

necessary. Defendant's petition for removal was procedurally defective because, among

26

PLAINTIFF'S MOTION TO REMAND - 1
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

1   other procedural defects, they failed to file the operative complaint and did not cure

2   this defect within the time allotted by Local Rule 101(b).   As a result, this case must

3   be remanded to state court.

## I.  <u>RELIEF REQUESTED</u>

The only basis for federal jurisdiction of this matter is diversity of citizenship under 28 U.S.C. § 1332. Federal courts have jurisdiction on the basis of diversity jurisdiction over matters where the amount in controversy is in excess of $75,000.00 and where the matter is between citizens of different states. 28 U.S.C § 1332(a). Proper jurisdiction under Section 1332 requires complete diversity. This matter involves a joint venture between Dragados USA, Inc. ("Dragados") and Tutor Perini Corporation ("Tutor Perini") forming a joint venture called Seattle Tunnel Partners "STP". Defendant STP, Dragados USA, Inc. and Tutor Perini Corporation as a joint venture was contracted by the Washington State Department of Transportation to construct the Seattle Tunnel Partners Project (the Highway 99 Bore Tunnel Alternative Design-Build Project). By all appearances, the joint venture partners are all foreign corporations and have contracted with another Defendant, Harris Rebar, Inc., also a foreign corporation.

This case was removed to federal court pursuant to 28 U.S.C. § 1441 which provides in relevant part:

> (a) Generally — A defendant or defendants desiring to remove any civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

PLAINTIFF'S MOTION TO REMAND - 2
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

Defendant herein failed to comply with the requirement that the notice of removal be filed together with a copy of all process, pleadings and orders served on the Defendant in such action. Further, Defendant failed to comply with Local Rules W.D. Wash. 101 (b)(1) specifying the required contemporaneous filing of an operative complaint as a separate attachment in the electronic filing system. Additionally, Local Rule W.D. Wash. 101 (b)(3) requires a separate attachment labeled "Jury Demand" if one was filed in the state court. Plaintiff's Amended Complaint included a demand for a jury trial.    (*See Plaintiff's First Amended Complaint for Damages – **Exhibit 1**).* Defendant did not file a separate attachment labeled "Jury Demand" as required by Local Rule W.D. Wash. 101 (b)(3).  Defendant also failed to properly file its Civil Cover Sheet as required by JS 44 as it was filed a day late and also unsigned by the attorney of record.

Plaintiff respectfully requests this Court to remand this matter to state court and to award Plaintiff attorney's fees incurred in bringing this motion pursuant to 28 U.S.C § 1447(c).

## II. **STATEMENT OF FACTS**

This case arises from personal injuries sustained by Plaintiff on February 12, 2015, in Seattle, Washington, when he was working on the Seattle Tunnel Partners, Highway 99 Bore Tunnel Alternative Design-Build Project on the Alaskan Way Viaduct in Seattle, King County, Washington.   Plaintiff's First Amended Complaint for

PLAINTIFF'S MOTION TO REMAND - 3
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

Personal Injuries and Damages was filed in King County Superior Court on April 4, 2017, under King County Cause No. 17-2-04219-6 SEA. Defendants STP, Dragados, Tutor Perini and Harris Rebar, Inc., were all served on April 14, 2017, with Plaintiff's First Amended Complaint for Personal Injuries and Damages, the Amended Summons, the Order Setting Civil Case Schedule and the Case Information Cover Sheet and Area Designation Cover Sheet. Plaintiff's Confirmation of Service as well as all four Declarations of Service were filed on May 12, 2017. *See* Declaration of R. Randall Harrison *Exhibit 1 – Plaintiff's Amended Complaint.*

The ECF Docket shows Defendant's Notice of Removal was filed on May 15, 2017. On May 16, 2017, notice from the United States District Court Clerk, Western District of Washington at Seattle, was provided to the Defendant informing Defendant that the required Civil Cover Sheet and the LCR 101(b) operative complaint "attachment" were not included with the Notice of Removal in the electronic filing system. On May 16, 2017 defendant added an "unsigned" Civil Cover Sheet and the operative Amended Complaint required by the rule. *See* Declaration of R. Randall Harrison *Exhibit 2 - Civil Cover Sheet dated May 16, 2017, unsigned, filed by Defendant.*

Pursuant to 28 USC § 2071 and Fed. R. Civ. P. 83, the judges of the Western District of Washington adopted Local Rules for civil proceedings before the United States District Court for the Western District of Washington. Local Rules W.D. Wash. 101 provides in relevant part:

PLAINTIFF'S MOTION TO REMAND - 4
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

TORRONE LAW, LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

**REMOVED CASES –**

(a)     **Unspecified Damages in Complaint**.  If the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court. The notice of removal shall in that event set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought.

(b)     **Documents to Be Filed with Notice of Removal**. In cases removed from state court, the removing defendant(s) shall file contemporaneously with the notice of removal
(1)     A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."
(2)     A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.
(3)     A copy of any Jury Demand filed in the state court, which must be filed as and labeled "Jury Demand."

Fed. R. Civ. P. 6 governs computation of time when any time period is in the FRCP, local rules or any court order, or any statute that does not specify a method of computing time.   Under this rule the completed Notice of Removal was not accomplished until May, 16, 2017.   This is 31 days after service of the operative complaint was served on Defendant pursuant to Fed. R. Civ. P. 6 (a)(1) (A)(B) and (C).

//

//

PLAINTIFF'S MOTION TO REMAND - 5
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

## III.  STATEMENT OF ISSUES

Should the Court consider the failure to strictly comply with 28 U.S.C. § 1441 and Local Rules W.D. Wash. 101(b) to require the remand of this case to state court?

## IV.  EVIDENCE RELIED UPON

1.    This motion and memorandum in support.

2.    Defendant's Notice of Removal [Dkt. #1].

3.    *Exhibit 1* to Plaintiff's Motion to Remand – Amended Complaint;

4.    *Exhibit 2* to Plaintiff's Motion to Remand - Case Civil Cover Sheet unsigned by attorney of record;

5.    Declaration of R. Randall Harrison in Support of Plaintiff's Motion to Remand.

## V.  ARGUMENT

### A.    Removal Standard Under 28 U.S.C. § 1441.

A defendant may generally remove to federal district court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a).  However, the court must remand if the removal fails to comply with the statutory requirements.  Courts are to strictly construe the removal statute in favor of remand to protect the jurisdiction of state courts.  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).  The defendant always has the burden of proving removal was proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The court must reject the exercise of jurisdiction if there is any doubt as to the right of removal in the first instance.  *Id.*

TORRONE LAW, LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

**B.**   **Defendant's petition for removal is procedurally defective because Defendant failed to file the operative complaint with the initial Notice of Removal required by 28 USC 1441 and the local rule.**

Although remand might appear to be a harsh remedy for procedural defects, courts have strictly enforced the rules. *See Employers-Shopmens Local 516 v. Travelers,* 2005 WL 1653629, *4 (d. Or. July 6, 2005) ("[A]ny defect in removal procedural must be cured within the [stated] period or it is fatal to the removal."); *Andalusia v. Evanston Ins. Co.,* 487 F. Supp. 2d 1290, 1300 (N.D. Ala.) ("§ 1446(a) would be virtually meaningless if a removing defendant can cure its procedural error at any time before order of remand is entered"); *Kisor v. Collins,* 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); *Durand v. Hartford,* 2007 WL 1395336, *1 (D. Colo. May 9, 2007) ("If strict construction is the command, it is incumbent that the Court apply the statute strictly as written, even – or perhaps particularly – in the face of seemingly inconsequential defects.").

This Court has remanded cases with less severe procedural defects than the procedural defects present in this case. Recently, Judge Coughenour remanded a class action because the defendant failed to file the Case Information Cover Sheet from the state court proceeding. *Stanphill v. State Farm,* 2:09-cv-00235-JCC (W.D. Wash. June 26, 2009). More recently, Judge Robart remanded a class action because the defendant did not comply with the requirements of Local Rule 101(b) and did not cure the procedural defect in a timely manner. *Benson v. Providence Health & Services,* 2:09-cv-01560-JLR (W.D. Wash. Feb. 11, 2010) ("because [the defendant] failed to provide

PLAINTIFF'S MOTION TO REMAND - 7
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

the complete records and proceedings in the state court, as required by 28 U.S.C. § 1447(b) and Local Rule 101(b), and because [the defendant] failed to cure this procedural defect in a timely manner, this case must be remanded to state court.") In *Stanphill, Id.*, defendants failed to file the Case Information Cover Sheet and failed to file the state court documents timely.   As in *Stanphill* and *Benson, supra,* this case must be remanded to state court.

### C.   The Court Should Award Plaintiff's Attorneys Fees Pursuant to 28 U.S.C § 1447(c).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C § 1447(c).  The trial court may award fees for improper removal where the removal is wrong as a matter of law.  *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003).  Where the removing party lacks an objectively reasonable basis for seeking removal, courts may award fees under 28 U.S.C § 1447(c).  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).  The purposes of such awards are to reimburse plaintiffs for wholly unnecessary litigation costs caused by defendants. *Moreno v. Select Portfolio Servicing, Inc.*, 2010 WL 2525980, *12 (E.D. Cal. June 23, 2010).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).  This balance is to assure the party seeking removal has every opportunity to avail itself of the federal court

PLAINTIFF'S MOTION TO REMAND - 8
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

venue where provided by law.  However, when the defendant waits until day 30 to file and then fails to comply with the explicit rules governing practice before the court, there is no objective reasonable basis for seeking removal.  The court should award attorney's fees as just costs and actual expenses as provided in 28 USC §1447(c).

## VI.  **CONCLUSION**

In the removal petition, Defendant did not carry its burden of setting forth facts supporting the Court's exercise of jurisdiction over this case.  The removal statute is strictly construed against federal jurisdiction.  Due to the strong presumption against removal jurisdiction, a federal court must resolve any doubt in favor of remand.  Here, the Court does have a record that the Defendant has failed to strictly comply with the statute and the local rule.  Accordingly, it is respectfully requested that this Court remand this case to state court for all further proceedings and award Plaintiff Devin Whittier his attorney's fees and costs.

DATED June 13, 2017.

**TORRONE LAW OFFICES, LLC**

/s/ R. RANDALL HARRISON

R. Randall Harrison, WSBA No. 16514
705 S. 9th Street, Suite 201
Tacoma, WA 98405
Telephone: (253) 327-1282
Facsimile:  (253) 369-3123
Email:  randy@randyharrisonlaw.com
Attorneys for Plaintiff

PLAINTIFF'S MOTION TO REMAND - 9
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

# DECLARATION OF SERVICE

The undersigned pursuant to the laws of the state of Washington and the United States of America and pursuant to RCW 9A.72.085 makes the following declaration that is true and correct under penalty of perjury. The undersigned hereby certifies that on June 13, 2017, I electronically filed the foregoing with the Clerk of the Court by uploading to the CM/ECF system, which will send notification of such filing to all attorneys of record.

On the date given below, I also caused to be sent out for service a true and correct copy of the foregoing on the following parties in the manner indicated:

| | |
|---|---|
| *Defendant STP Counsel*<br>Michael A. Jaeger, WSBA #23166<br>Keith M. Hayasaka, WSBA #51949<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>1111 Third Ave. Suite 2700<br>Seattle, Washington 98101<br>Attorneys for Defendants Seattle Tunnel Partners<br>Michael.Jaeger@lewisbrisbois.com<br>Keith.Hayasaka@lewisbrisbois.com<br>Ricco.Sanchez@lewisbrisbois.com | [  ] via U.S. Mail, first class, postage prepaid<br>[  ] via UPS overnight service<br>[  ] via Legal Messenger Hand Delivery<br>[X] via CM/ECF<br>[  ] via Facsimile<br>[X] via Email |
| *Defendant Harris Rebar Seattle, Inc. Counsel*<br>Timothy J. Repass, WSBA #38373<br>Gavin M. Radkey, WSBA #48253<br>WOOD, SMITH, HENNING & BERMAN, LLP<br>520 Pike Street, Suite 1525<br>Seattle, Washington 98101-4001<br>Attorneys for Defendants Harris Rebar Seattle, Inc.<br>trepass@wshblaw.com<br>gradkey@wshblaw.com | [  ] via U.S. Mail, first class, postage prepaid<br>[  ] via UPS overnight service<br>[  ] via Legal Messenger Hand Delivery<br>[X] via CM/ECF<br>[  ] via Facsimile<br>[X] via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed this 13th day of June, 2017, at Tacoma, Washington.

TORRONE LAW, LLC


By: */s/ Donna Lopan*
Donna Lopan, Paralegal
705 S. 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1282
donna@randyharrisonlaw.com

PLAINTIFF'S MOTION TO REMAND - 10
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF WASHINGTON
7                              SEATTLE DIVISION

8

9
   DEVIN A. WHITTIER, Individually,
10
                                              Case No.   2:17-cv-00751
                              Plaintiff,
11
          v.                                  **DECLARATION OF R.**
12                                            **RANDALL HARRISON IN**
   SEATTLE TUNNEL PARTNERS, a joint           **SUPPORT OF PLAINTIFF'S**
13 venture; HARRIS REBAR SEATTLE, INC.,       **MOTION TO REMAND CASE**
   a Delaware corporation;                    **TO STATE COURT**
14
                              Defendants.
15

16        I, R. RANDALL HARRISON, declare as follows:

17     1.   I am one of the attorneys of record for the Plaintiff herein.  I am of legal age, have

18 personal knowledge of the facts set forth herein, and am otherwise competent to testify.

19     2.   Attached as **<u>EXHIBIT 1</u>** to this declaration is a true and correct copy of Plaintiff's

20    Amended Complaint filed on April 4, 2017, in King County Superior Court under

21    Cause No. 17-2-04219-6 SEA in the case of *Whittier v. Seattle Tunnel Partners, et al.*

22

23

24

25

26 DECLARATION OF R. RANDALL HARRISON                    **TORRONE LAW, LLC**
   IN SUPPORT OF PLAINTIFF'S MOTINO TO REMAND        705 South 9th Street, Suite 201
   CASE TO STATE COURT - 1                                   Tacoma, WA 98405
   *Whittier v. STP, et al*                                  (253) 327-1280
   Case No. 2:17-cv-00751

3. Attached as **EXHIBIT 2** to this declaration is a true and correct copy of the unsigned Civil Case Cover Sheet filed by counsel for Defendant STP in the Federal Court matter, Case No. 2:17-cv-00751-RSL.

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge.

Dated at Tacoma, WA this 13th day of June, 2017.

**TORRONE LAW, LLC**

// R. RANDALL HARRISON

R. RANDALL HARRISON, WSBA 16514
705 S. 9th Street, Suite 201
Tacoma, WA 98405
Phone: 253-327-1280
Email:  randy@randyharrisonlaw.com

DECLARATION OF R. RANDALL HARRISON
IN SUPPORT OF PLAINTIFF'S MOTINO TO REMAND
CASE TO STATE COURT - 2
*Whittier v. STP, et al*
Case No. 2:17-cv-00751

**TORRONE LAW, LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

**EXHIBIT 1**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DEVIN A. WHITTIER, Individually,<br><br>                Plaintiff,<br><br>v.<br><br>SEATTLE TUNNEL PARTNERS, a joint venture; HARRIS REBAR SEATTLE, INC., a Delaware corporation,<br><br>                Defendants. | CAUSE NO.   17-2-04219-6 SEA<br><br>**FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** |

COMES NOW the Plaintiff, DEVIN A. WHITTIER, individually, by and through his counsel of record, R. Randall Harrison and Christopher G. Torrone of TORRONE LAW OFFICE, LLC, and for his cause of action against the named defendants herein, alleges and states as follows:

## I. PARTIES

1.1    That the Plaintiff, Devin A. Whittier, was at all times material herein not married and an individual resident of Puyallup, Pierce County, State of Washington.

AMENDED COMPLAINT FOR DAMAGES - 1

**Torrone Law LLC**<br>705 South 9th Street, Suite 201<br>Tacoma, WA 98405<br>(253) 327-1280

1.2    Defendant Seattle Tunnel Partners ("STP") is a joint venture of Dragados USA, Inc., and Tutor Perini Corporation, and was contracted to construct the Seattle Tunnel Project for the Washington State Department of Transportation.

1.3    Dragados USA, Inc., is a Delaware corporation, is registered to do business in the State of Washington, and at all times material hereto was doing business in King County, Washington in joint venture with Tutor Perini Corporation.

1.4    Tutor Perini Corporation, is a Massachusetts corporation, registered to do business in the State of Washington, and at all material times hereto was doing business in King County, Washington in joint venture with Dragados USA, Inc.

1.5    Harris Rebar Seattle, Inc., is a Delaware Corporation, registered to do business in the State of Washington, and at all times material hereto was doing business in King County, Washington, as a subcontractor on the Seattle Tunnel Project.

## II. JURISDICTION AND VENUE

2.1    This court has subject matter jurisdiction under RCW 2.08.010.

2.2    This court has personal jurisdiction over STP under RCW 4.28.185 because STP does business and owns property in Washington.

2.3    This court has personal jurisdiction over Harris Rebar Seattle, Inc., under RCW 4.28.185 because Harris Rebar Seattle, Inc. does business and owns property in Washington.

2.4    Venue is proper in King County under RCW 4.12.025(1) because STP and Harris Rebar were doing business in King County, Washington.

AMENDED COMPLAINT FOR DAMAGES - 2

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

**III. FACTS**

3.1     Defendant STP was the general contractor on the SR 99 Bored Tunnel Alternative Design Build Project.

3.2     On December 10, 2010 the General Contractor, through their authorized agents, James Frost, Tutor Perini Corporation and Fernando Gonzales Alcañiz, Dragados U.S.A., Inc., members of joint venture Defendant STP entered into a Design-Build Contract (the "Contract") with the Washington State Department of Transportation ("WSDOT") in which STP agreed to perform certain design, engineering and construction services for the SR 99 Bored Tunnel Alternative Design-Build Project on the Alaskan Way Viaduct in Seattle, King County, Washington (the "Project").

3.3     The December 10, 2010 Contract required STP to adhere to certain performance standards including providing a project manager who would be present or have an approved designee present at the project site at all times during construction while work was being performed.  The Contract also provided for STP to comply with all laws and to supervise and be solely responsible for and have control over the construction means, methods, techniques, sequences, procedures and site safety.

3.4     The December 10, 2010 Contract required STP to be solely responsible for coordinating all portions of the work at the project site.

3.5     Defendant STP's contract required and obligated it to take all reasonable precautions and have the duty and responsibility for safety on the Project worksite.

AMENDED COMPLAINT FOR DAMAGES - 3

3.6     Defendant STP also contracted to comply with an apprentice utilization requirement pursuant to a State-approved apprentice training program provided by the Department of Labor and Industries.

3.7     Defendant General Contractor STP entered into a Subcontract with Harris Rebar Seattle, Inc., through their authorized agent, Lyall Hadden, on February 1, 2012. The scope of subcontractor Harris Rebar's work was providing reinforcing steel at the SR 99 Project.  Harris Rebar's portion of the Project consisted of installation of reinforcing steel in pile caps, cont. footings, slab on grade, elevated two way slab, slab on metal deck, tunnel, grade beams, deck beams, column dowels, typical columns, CIP walls, wall dowels, site work, curbs, elevator pit and stair footing.

3.8     Defendant STP also entered into a second subcontract with Harris Rebar Inc., through its authorized agent, Mark Pequegnat, on July 15, 2013. The scope of this subcontract was to fabricate and install the reinforcing steel for the North and South Operations buildings and Mitigation buildings for the SR 99 Project.  Defendant Harris Rebar was to furnish and install to the satisfaction of the Contractor, all labor, equipment, materials, supplies, services, cost of all applicable sales or use taxes, fees, permits, etc. including but not limited to the following items of work:  reinforcing steel and supports for the North Operations, South Operations and Mitigation buildings.

3.9     Defendant Harris Rebar Seattle, Inc., subcontracted with its wholly owned subsidiary, Central Steel, Inc., to provide labor for the fulfillment of its contractual obligations to the Project.

AMENDED COMPLAINT FOR DAMAGES - 4

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

3.10    Central Steel, Inc. employed Plaintiff Devin A. Whittier as an ironworker.

3.11    Defendant Harris Rebar Seattle, Inc.'s responsibilities as subcontractor were to provide a Project Superintendent to oversee the Project Safety Program and to ensure that all inspections, reporting and records required by the Site Specific Safety Plan and the Company Injury and Illness Prevention Program were being completed and submitted.

3.12    Defendant Harris Rebar Seattle, Inc.'s responsibilities as subcontractor were to provide a Project Foreman to implement and enforce the Site Specific Safety Plan and the Company Injury and Illness Prevention Program and to conduct continual observational safety checks and assess the safety of the operations assigned and to see that any unsafe acts or conditions were corrected as required and to immediately report all accidents, injuries and near miss incidents to the General Contractor.

3.13    Defendant Harris Rebar's responsibilities as subcontractor was to provide employees who were adequately trained and supervised to understand and adhere to the policies and procedures of the Site Plan and to federal, state, local and project regulations.

3.14    Defendant Harris Rebar's Project General Foreman was responsible for conducting visual inspections and for reporting of any unsafe acts or condition on the jobsite to the Project Superintendent for immediate correction; and the Project Superintendent was responsible for documenting any unsafe conditions and corrections at the jobsite in his/her daily report.

AMENDED COMPLAINT FOR DAMAGES - 5

3.15    Defendant Harris Rebar's Safety Coordinator and Field Safety Officer were responsible for conducting periodic site safety assessments and for submitting written reports to the Safety Officer.

3.16    Defendant Harris Rebar's Branch Manager Safety Officers were responsible for the Safety Program's effectiveness. It was the responsibility of the Harris Rebar Safety Officer to identify and communicate any hazards and corrections of unsafe conditions at the Project site.

3.17    Defendant Harris Rebar's Field Superintendent was responsible for the monitoring of the Project site for hazards or unsafe working conditions through personal observations and to keep a written record of the inspections and to participate in site inspections with the appointed safety officials and to implement corrective measures as required to ensure safety at the Project site.

3.18    STP and Harris Rebar were responsible for general construction services to the Project including insuring that all protruding pieces of reinforcing rebar were significantly protected with sufficient means to prevent the impalement of workers installing rebar directly above the exposed rebar.

3.20    On February 12, 2015, Plaintiff Devin A. Whittier was an apprentice ironworker for employer Central Steel, Inc., and was performing construction work on the Project.

3.21    On February 12, 2015, Plaintiff Whittier along with other crew members were working at the construction site in the elevator pit when the rebar wall that they

AMENDED COMPLAINT FOR DAMAGES - 6

were constructing detached from the forms and fell away with the employees attached to the rebar wall.

3.22    Plaintiff Whittier was impaled by a protruding piece of reinforcing bar and severely injured.    The protruding piece of rebar was insufficiently protected with sufficient means to prevent the impalement.

## IV. CAUSES OF ACTION-TORTIOUS CONDUCT

4.1    The Defendant STP, as the General Contractor, had a common law non-delegable legal duty to the Plaintiff as an employee of a subcontractor, Central Steel, Inc. to provide a safe place of work. The Defendant breached that duty. This breach proximately caused injury and damage to the Plaintiff.

4.2    The Defendant Harris Rebar negligently failed to provide the Plaintiff with a safe place to work at the Project site; this failure proximately caused injury and damages to the Plaintiff.

4.3    The Defendants STP and Harris Rebar failed to follow and comply with applicable OSHA, WISHA and various other regulations, including but not limited to administrative, technical and safety regulations at the Project site; and were in violation of WAC 296-155-680(7)(a) and WAC 296-155-680(7)(c) and these failures proximately caused injury and damage to the Plaintiff.

4.4    The Defendants STP and Harris Rebar negligently failed to provide adequate safety training of the employees and subcontractors; these failures proximately caused injury and damage to the Plaintiff.

AMENDED COMPLAINT FOR DAMAGES - 7

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

4.5     The Defendants STP and Harris Rebar negligently failed to provide adequate supervision of subcontractors and employees on the Project and this failure proximately caused injury and damage to the Plaintiff.

4.6     The Defendants STP and Harris Rebar negligently failed to properly institute and supervise safety procedures and practices of its employees and subcontractors on the Project; these failures proximately caused injury and damage to the Plaintiff.

4.7     There are no other entities liable or responsible for the injuries and damages suffered by Plaintiff.

4.8     Plaintiff Devin A. Whittier did not breach any duty to himself and was not negligent in this matter.


## V. DAMAGES

5.1     Plaintiff Devin A. Whittier as a direct and proximate result of the negligent acts and/or omissions of the Defendants STP and Harris Rebar, has suffered severe and grievous bodily injury, permanent disability, bodily impairment, pain and suffering, past and future economic loss, and has incurred medical and other expenses and will continue to incur medical and related expenses and expenses from relying on the help and assistance from family members and friends to provide necessary services for various needs created by his injuries and medical conditions in the future. Plaintiff Devin A.

AMENDED COMPLAINT FOR DAMAGES - 8

Torrone Law LLC
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

Whittier as a further proximate result will continue to experience pain and suffering, both mental and physical, disability, disfigurement, and loss of enjoyment of life. Additionally, Plaintiff Devin A. Whittier has suffered other special and general damages that shall be proven at the time of trial.

### VI. LIMITED PHYSICIAN-PATIENT PRIVELEGE WAIVER

6.1    Plaintiff Devin A. Whittier, pursuant to RCW 5.60.060, as amended by the laws of 1986, hereby grant limited waiver of the physician-patient privilege. The scope of this waiver is as follows:

A.    This waiver shall take effect regarding this lawsuit for personal injuries on the 89th day from the date the action was filed;

B.    This waiver shall be subject to such limitations as the Court may impose. The waiver shall at all times be limited by an order entered in connection therewith by the King County Superior Court; and

C.    This waiver shall only apply to the privilege which exists under RCW 5.60.060 and shall not be deemed to be broader in its scope nor apply to physician-patient privileges nor governed by RCW 5.60.060. Constitutional rights of privacy, impairment or interference with the doctor/patient relationship, and other rights not governed by RCW 5.60.060 regarding physician-patient relationships are not waived. This waiver is made solely to comply with the legal obligation required by the 1986 amendment to RCW 5.60.060 requiring such waiver within 90 days of the filing of an action for personal injuries.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the named Defendants herein, jointly and severally, as follows:

1.    For general damages in an amount sufficient to fully compensate the Plaintiff for his injuries and loss in an amount to be proven at trial;

AMENDED COMPLAINT FOR DAMAGES - 9

2.  For such special damages as Plaintiff is able to prove at the time of trial,

including but not limited to lost wages, loss of earning capacity and medical expenses and

prejudgment interest on any special damages which will be proven at trial;

3.  For Plaintiff's costs and disbursements herein, to be taxed according to law;

4.  For such other and further relief as the Court may deem just and equitable in

the circumstances.

## VIII. JURY DEMAND

Plaintiff hereby requests that this matter be tried by a jury of twelve (12) persons.

DATED April 3, 2017.

**TORRONE LAW OFFICES, LLC**

R. Randall Harrison, WSBA No. 16514
Attorney for Plaintiff

AMENDED COMPLAINT FOR DAMAGES - 10

**Torrone Law LLC**
705 South 9th Street, Suite 201
Tacoma, WA 98405
(253) 327-1280

# EXHIBIT 2

JS 44 (Rev. 08/16) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Devin A. Whittier, individually

**DEFENDANTS**
Seattle Tunnel Partners, a joint venture; and Harris Rebar Seattle, Inc., a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff    Pierce County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    DE, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

R. Randall Harrison, WSBA #16514, Torrone Law LLC
705 South 9th Street, Suite 201, Tacoma, WA, 98405, (253) 732-9866

Attorneys *(If Known)*
Michael A. Jaeger, WSBA #23166/Keith M. Hayasaka, WSBA#51949
Lewis Brisbois Bisgaard & Smith LLP, 1111 Third Avenue, Suite 2700
Seattle, WA, 98101, (206) 436-2020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❒ 1   U.S. Government Plaintiff | ❒ 3   Federal Question *(U.S. Government Not a Party)* |
| ❒ 2   U.S. Government Defendant | ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | Product Liability | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | Liability | ❒ 367 Health Care/ | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted | Liability | ❒ 368 Asbestos Personal | | ❒ 840 Trademark | ❒ 460 Deportation |
| Student Loans | ❒ 340 Marine | Injury Product | | | ❒ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❒ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ❒ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | ❒ 480 Consumer Credit |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | Act | ❒ 862 Black Lung (923) | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | ❒ 371 Truth in Lending | ❒ 720 Labor/Management | ❒ 863 DIWC/DIWW (405(g)) | ❒ 850 Securities/Commodities/ |
| ❒ 190 Other Contract | Product Liability | ❒ 380 Other Personal | Relations | ❒ 864 SSID Title XVI | Exchange |
| ❒ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | ❒ 385 Property Damage | ❒ 751 Family and Medical | | ❒ 891 Agricultural Acts |
| | ❒ 362 Personal Injury - | Product Liability | Leave Act | | ❒ 893 Environmental Matters |
| | Medical Malpractice | | ❒ 790 Other Labor Litigation | | ❒ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❒ 870 Taxes (U.S. Plaintiff | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | or Defendant) | ❒ 899 Administrative Procedure |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate | | ❒ 871 IRS—Third Party | Act/Review or Appeal of |
| ❒ 240 Torts to Land | ❒ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❒ 245 Tort Product Liability | Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | ❒ 446 Amer. w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration | | |
| | | ❒ 550 Civil Rights | Actions | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❒ 1 Original Proceeding   ☒ 2 Removed from State Court   ❒ 3 Remanded from Appellate Court   ❒ 4 Reinstated or Reopened   ❒ 5 Transferred from Another District *(specify)*   ❒ 6 Multidistrict Litigation - Transfer   ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sections 1332, 1441, 1446 (federal diversity jurisdiction)
Brief description of cause:
Plaintiff alleges personal injuries arising from a workplace accidence on the Seattle Tunnel Project.

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   Origin. Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.