UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN A. WHITTIER,

                Plaintiff,

    v.

SEATTLE TUNNEL PARTNERS, *et al.*,

                Defendants.

No. C17-0751RSL

ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter comes before the Court on "Defendant Nucor Corporation's, Harris Steel Inc.'s, and Harris U.S. Holdings, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 12 in the companion case, C18-0217RSL. Plaintiff was injured on February 12, 2015, when a rebar wall collapsed at the SR 99 Bored Tunnel Alternative Design Build Project in Seattle, Washington. His employer, Central Steel, Inc., and the rebar contractor on the project, Harris Rebar Seattle, Inc., are sister companies owned by defendant Harris Steel Inc.[1] Plaintiff asserted claims against Harris Rebar Seattle and other companies involved in the tunnel construction in 2017. Three days before the statute of limitations ran, plaintiff filed a second lawsuit against a number of companies affiliated with

---

[1] Plaintiff alleges in the complaint that Central Steel, Inc., is a subsidairy of Harris Rebar Seattle, Inc. Dkt. # 1 at 6. Plaintiff cannot rely on the controverted allegations of the complaint to establish personal jurisdiction, however, and has not come forward with any evidence that the two companies have a parent-subsidiary relationship. See Barantsevich v. VTB Bank, 954 F. Supp.2d 972, 981-82 (9th Cir. 2013).

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

Central Steel and Harris Rebar Seattle, including Nucor Corporation (incorrectly identified in the complaint as Nucor, Inc.), Nucor Steel Seattle, Inc., Harris U.S. Holdings, Inc., and Harris Steel, Inc., "based on the good faith belief they may share some or all responsibility or fault for Plaintiff's severe, disabling injuries." Dkt. # 1 at 1.

The moving defendants are related to each other as follows:



None of the moving defendants was directly involved in the Seattle Tunnel Project, they are not incorporated or headquartered in Washington, and they do not conduct business in Washington. Plaintiff concedes that his claims against Nucor Corporation and Nucor Steel Seattle should be dismissed. He argues, however, that the exercise of personal jurisdiction over Harris Steel and Harris U.S. Holdings is appropriate because: (1) another Harris affiliate, Harris Steel, ULC, provides administrative services and functions for both Harris Rebar Seattle and Harris Steel; (2) safety manuals produced in discovery are replete with generic references to "Harris Rebar" and may have been authored by one of the moving defendants; (3) "Harris Rebar" provided an employee who advised Harris Rebar Seattle and Central Steel regarding safety issues at the Seattle Tunnel Project; and (4) two "Harris Rebar" employees took part in an investigation following plaintiff's accident. Having reviewed the memoranda, declarations, and exhibits

---

[2] A fourth subsidiary of Nucor Corporation, Harris Rebar Services Corporation, is also a defendant in this lawsuit but has not challenged the Court's power to exercise jurisdiction over it.

submitted by the parties, the Court finds as follows:

Plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over defendants. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). In evaluating defendants' jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007). If a jurisdictional fact is disputed, however, plaintiff cannot rely on the bare allegations of the complaint and must come forward with additional evidence. Marvix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Conflicts in the evidence provided by the parties must be resolved in plaintiff's favor. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Because the Court has not heard testimony or made findings of fact, plaintiff "need only make a prima facie showing of jurisdiction to withstand a motion to dismiss." Wash. Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 671-72 (9th Cir. 2012) (internal quotation marks omitted).

In order to justify the exercise of jurisdiction over a party, plaintiff must show that each defendant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Two different categories of personal jurisdiction have developed, namely "general jurisdiction" and "specific jurisdiction." "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe, 326 U.S. at 317). Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citations omitted). Plaintiff argues that the Court

may assert specific jurisdiction over Harris Steel and Harris U.S. Holdings.

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." Walden, 571 U.S. at 283 n.6. The state's authority to bind a non-resident defendant is justified only if there is a sufficient connection between the defendant, the forum, and the cause of action. Helicopteros Nacionales de Columbia, SA v. Hall, 466 U.S. 408, 413-14 (1984). The Ninth Circuit applies a three-prong test when determining whether to exercise specific jurisdiction over a non-resident:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

**A. Purposeful Availment - Alter Ego Theory**

Plaintiff argues that defendants Harris Steel and Harris U.S. Holdings purposefully availed themselves of the privilege of doing business in Washington when employees of Harris Steel, ULC, signed the rebar contract with Seattle Tunnel Partners on behalf of Harris Rebar Seattle. For purposes of this argument, the relevant corporate family tree is as follows:

```
                    Nucor Corporation
        (incorrectly identified in the complaint as Nucor, Inc.)
                           |
        -------------------------------------------------------------
        |                                                           |
    Harris Steel, Inc.                              Harris Steel Group, Inc.
        |                                                           |
   ---------------------------------------              Harris Steel, ULC
        |                         |
  Central Steel, Inc.      Harris Rebar Seattle, Inc.
```

Harris Steel, ULC, provides administrative functions for the Harris operating entities, such as Harris Rebar Seattle. There is no evidence that Harris Steel, ULC, provides administrative support for the moving defendants or that it signed the rebar contract on their behalves.

Plaintiff has not identified any conduct on the part of the moving defendants that was in or aimed at Washington. The mere fact that a corporate affiliate has jurisdictional contacts with the forum does not extend jurisdiction to every other affiliate in the corporate family: each company's contacts must be separately evaluated to determine whether it has purposefully availed itself of the privilege of doing business in the forum. Ranza v. Nike, Inc., 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."); Pakootas v. Teck Cominco Metals, Ltd., 452 F.3d 1066, 1076 (9th Cir. 2006) (summarizing case law finding that there is no specific jurisdiction over the parent company if the parent company had insufficient independent contacts with the forum to establish personal jurisdiction).

Plaintiff nevertheless argues that the jurisdictional ties of Harris Steel, ULC, should be imputed to Harris Steel and Harris U.S. Holdings. In order to ignore the corporate forms, plaintiff must show that the entity with contacts in the forum was acting as the alter ego of the affiliated corporation. Plaintiff has made no such showing. Harris Steel, ULC, is not a subsidiary of either Harris Steel or Harris U.S. Holdings, plaintiff has not shown a unity of interest and

ownership suggesting that the companies are really a single entity, and plaintiff has not shown that recognizing the corporate structures would result in fraud or injustice. AT&T v. Compagnie Bruxelles Lambert, 94 F3d 586, 591 (9th Cir. 1996). Plaintiff has not made a prima facie showing of personal jurisdiction based on an alter ego theory.

**B. Purposeful Availment - "Harris Rebar"**

Plaintiff suggests, without actually arguing, that references in safety materials and job titles to "Harris Rebar" indicate some connection to Harris Steel and/or Harris U.S. Holdings. This is simply too thin a reed for the Court to exercise personal jurisdiction over these defendants. Plaintiff bears the burden of making a prima facie showing of jurisdiction, meaning that he must come forward with facts which, if believed, could support a reasonable inference that jurisdiction can be properly exercised. In place of facts, plaintiff offers nothing but speculation regarding the source of the materials and employees he mentions. The moving defendants do not have "Harris Rebar" in their name, and plaintiff offers nothing to tie them to the documents produced by "Harris Rebar" or the persons employed by "Harris Rebar." The Court finds that references to "Harris Rebar" in Harris Rebar Seattle's materials and response to plaintiff's accident does not give rise to a prima facie showing of jurisdiction over either Harris Steel or Harris U.S. Holdings.

//

//

//

//

For all of the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. The claims against Nucor Corporation, Nucor Steel Seattle, Inc., Harris Steel, Inc., and Harris U.S. Holdings, Inc., are hereby DISMISSED. At this point in time, plaintiff has not identified any evidence that could support the exercise of jurisdiction over these defendants: the request for leave to amend is, therefore, DENIED. The dismissal of the claims against these four defendants is without prejudice, however, given that discovery may yet show that one or more of these entities was directly involved in monitoring, advising, and/or ensuring the safety of the tunnel workplace.

Dated this 16th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge