UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
DEVIN A. WHITTIER,                  )
                                    )   No. C17-0751RSL
                    Plaintiff,      )
        v.                          )   ORDER REGARDING PLAINTIFF'S
                                    )   MOTION TO COMPEL
SEATTLE TUNNEL PARTNERS, *et al.*,  )
                                    )
                    Defendants.     )
_____ )

This matter comes before the Court on plaintiff's "Motion to Compel" the production of investigative files from defendant Harris Rebar Seattle, Inc. Dkt. # 53. Plaintiff was injured on February 12, 2015, when a rebar wall collapsed at the SR 99 Bored Tunnel Alternative Design Build Project in Seattle, Washington. Defendant Harris Rebar Seattle was the rebar contractor on the job, and it subcontracted part of its obligations to a sister company, Central Steel, Inc. Central Steel was plaintiff's employer. Immediately after the accident, Central Steel and the regional safety manager for "Harris Rebar" requested that Lyle Sieg, the Executive Vice President of Safety for "Harris Rebar," conduct an investigation. Mr. Sieg lives in Washington and is paid by defendant Harris Rebar Seattle.

Plaintiff served discovery requests on Harris Rebar Seattle seeking a copy of any safety inspection reports prepared regarding the Seattle Tunnel Project "by any employee, agent or

ORDER REGARDING PLAINTIFF'S
MOTION TO COMPEL

representative of Harris Rebar." Request for Production No. 4 (Dkt. # 54 at 34). Harris Rebar Seattle initially objected on the grounds that "safety inspection report" was vague, that the information sought was irrelevant, and that the request was overbroad and unduly burdensome because it was unbounded in time. It then denied having any responsive documents. During the meet and confer process, plaintiff specifically requested a copy of Mr. Sieg's report in response to RFP No. 4. Dkt. # 54 at 42. Instead, defendant supplemented its answer to declare that "Harris Rebar" is vague and that the request seeks a legal conclusion. Dkt. # 54 at 34.

If "Harris Rebar" is vague and confusing, it is because defendant has failed to make a good faith effort to clarify who and what it and its affiliated companies mean when they refer to "Harris Rebar." A passing familiarity with this consolidated case shows that, in addition to defendant Harris Rebar Seattle, there is a "Harris Steel, Inc.," a "Harris U.S. Holdings, Inc.," a "Harris Rebar Services Corporation," a "Harris Steel, ULC," a "Harris Salinas Rebar," and a "Harris Rebar Columbia Basin, Inc." An internet search for "Harris Rebar" reveals a website promising "National Strength. Local Service." The company identifies itself as "North America's leading fabricator, installer and distributor of concrete reinforcing steel and related products" and a subsidiary of "Nucor, North America's largest producer of rebar and steel products." http://www.harrisrebar.com/index.php (last visited October 18, 2018). Which entity or entities constitute "Harris Rebar" is not specified, but it declares itself to be a one-stop shop that can provide full service solutions including estimating, detailing, fabrication, installation, and project management, thereby eliminating the headaches and the risks of having to deal with multiple rebar sub-contractors. Id. ("Harris Rebar Company Video").

When Mr. Sieg stated at his deposition that he was employed by "Harris Rebar," plaintiff's counsel carefully asked "[w]hat specific entity within the Harris Rebar family is your employer?" Dkt. # 54 at 7. The response was that "my payroll comes from Harris Rebar Seattle, Inc." Id. Defendant argues that this arrangement is simply one of convenience, but it does not

change the fact that in the context of this exchange, Mr. Sieg acknowledged Harris Rebar Seattle as his employer. No case citation is necessary for the proposition that an employer must produce in discovery responsive documents and information that are in the possession of its employees.

Defendant does not identify another Harris Rebar affiliate that is Mr. Sieg's employer.[1] Instead, defendant suggests that Mr. Sieg is up the corporate ladder somewhere and not under defendant's control, as evidenced by his title of Executive Vice President of Safety and his direct report to the CEO of "Harris Rebar." Dkt. # 58 at 4-5. No evidence is offered in support of counsel's explicit argument that Mr. Sieg's files are not in defendant's possession (it is unclear where his office and files are located) or his implicit argument that defendant did not have the right to obtain a copy of the report upon demand. The Court will not speculate regarding facts that are in defendant's control but which it has declined to provide.

Finally, defendant argues that Mr. Sieg's investigative report was the product of a consulting arrangement he had with Central Steel, Inc., plaintiff's employer at the time of the accident. If Mr. Sieg is defendant's employee, the identity of the client is irrelevant to the fact that defendant, as his employer, had possession, custody, and/or control over the documents and information of its employee. There is also a factual dispute regarding the identity of the client. Mr. Sieg was called in to investigate the collapse by both Central Steel and Harris Rebar. Defendant cannot rely on confusion regarding what it and its affiliates mean when they refer to "Harris Rebar" to prove that it had no ability to obtain an investigative report generated at the request of "Harris Rebar" by a "Harris Rebar" employee whom defendant paid.

---

[1] In response to an interrogatory asking which company, corporation, or entity employed Mr. Sieg, defendant stated only "Mr. Sieg's salary came from [Harris Rebar Services]." Dkt. # 64 at 36. Two months later at his deposition, Mr. Sieg revealed that he was, in fact, paid by defendant. The lack of transparency regarding how the Harris Rebar companies work together to provide a full range of rebar services for customers throughout North America - including how individuals such as Mr. Sieg impact the provision of services offered by supposedly decentralized branches or subsidiaries - is troubling.

ORDER REGARDING PLAINTIFF'S
MOTION TO COMPEL           -3-

For all of the foregoing reasons, the Court finds that defendant Harris Rebar Seattle, Inc., had the ability and obligation to produce the investigative report and file of Mr. Sieg in response to RFP No. 4. It did not do so, instead forcing plaintiff to serve third-party discovery on Mr. Sieg and Central Steel to obtain the documents.[2] Pursuant to Fed. R. Civ. P. 37(a)(5)(A), plaintiff may recover the reasonable expenses he incurred in filing this motion, including attorney's fees. Plaintiff may, within seven days of the date of this Order, file an affidavit and supporting records regarding the fees incurred (but not including any fees associated with the meet and confer process). The fee application shall be noted on the Court's calendar for the second Friday after filing. Defendant may file a response on or before the note date.

Dated this 16th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] In light of plaintiff's reply arguments, the Court assumes that all non-privileged elements of Mr. Sieg's investigative file and report have been produced.

ORDER REGARDING PLAINTIFF'S
MOTION TO COMPEL        -4-