UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN WHITTIER,<br><br>       Plaintiff,<br><br>     v.<br><br>SEATTLE TUNNEL PARTNERS, *et al.*,<br><br>       Defendants. | NO. C17-0751RSL<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT REGARDING REBAR PROTECTION |

This matter comes before the Court on "Defendant Seattle Tunnel Partners' Motion for Partial Summary Judgment re: Rebar Protection" (Dkt. # 96) and Harris Rebar Seattle, Inc.'s joinder therein (Dkt. # 102). Plaintiff was injured when a rebar wall he was building as part of the SR-99 tunnel project collapsed. He alleges that Seattle Tunnel Partners ("STP") and Harris Rebar Seattle, as the general contractor and the rebar subcontractor respectively, were negligent when they failed to ensure that all vertically protruding pieces of rebar were protected or capped in a way that would prevent impalement of workers working above the exposed metal dowels. Defendants seek dismissal of the negligence claim regarding rebar protection, arguing that there is no competent evidence that the alleged breach was causally connected to any of plaintiff's injuries. For purposes of this motion, defendants are not disputing that they owed and breached a

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
REBAR PROTECTION - 1

duty to provide adequate rebar protection at the job site.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
REBAR PROTECTION - 2

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

### BACKGROUND

On the morning of February 12, 2015, plaintiff, an apprentice ironworker, and his crew arrived at their scheduled worksite - an area in the north end of the tunnel project that was to become an elevator shaft - only to find that none of the vertical rebar over which the crew would be working had been capped. Plaintiff's foreman confirmed with an STP manager that STP would cover the exposed ends. When it did not happen, the crew took it upon themselves to cap the dowels: they scrounged rebar caps from the area and, when they ran out of caps, tied 2x4s to the sides of the vertical rebar as close to the top as they could get it. Although the industry standard would involve putting another 2x4 on top of the rebar ends to effectively cap them, plaintiff and his foreman thought the dowel protection they had installed was sufficient. Photographs of the accident site show rebar extending above the top edges of the 2x4s.

The crew began work building the rebar wall. Plaintiff's job was to reach down and grab the next piece of rebar as it was handed up from below. As the wall got taller, plaintiff noticed that it would sway when he leaned back to reach for the rebar. When the wall was between 25-28 feet high, a lag screw inserted into the wood lining of the elevator shaft pulled out, causing a

---

[1] For purposes of this motion, the Court has considered Mr. Lawless' declaration regarding construction safety standards and practices (particularly his opinions regarding the industry standard for impalement protection), but has not considered his testimony regarding plaintiff's medical injuries or the cause thereof. Dr. Seroussi's declaration is considered only for the facts regarding the nature and extent of plaintiff's left elbow injury and that those injuries were consistent with impacting an exposed piece of rebar, not that plaintiff fell onto exposed rebar. Finally, the Court has considered Mr. Hayes' opinions to the extent they touch on accident reconstruction and injury biomechanics: industry standards, medical causation, and medical record interpretation do not appear to be within his areas of expertise.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
REBAR PROTECTION - 3

chain reaction and wall collapse. Plaintiff was the first to hit the end of his safety line and, unfortunately, landed on top of an area of vertical rebar rather than being pulled up short in the air. Plaintiff landed on his back, breaking one of the 2x4s tied to the side of the rebar. His hard hat exploded into pieces and his left elbow and back were impaled by vertical dowel ends.

## DISCUSSION

**A. Cause in Fact**

Defendants argue that their failure to ensure that all vertically protruding pieces of rebar were appropriately protected or capped was not the cause in fact of plaintiff's injuries. "Cause in fact refers to the actual, but for, cause of the injury, *i.e.*, but for the defendant's actions the plaintiff would not be injured. Establishing cause in fact involves the determination of what actually occurred and is generally left to the jury." Schooley v. Pinch's Deli Market, Inc., 134 Wn.2d 468, 478 (1998) (internal quotation marks and citation omitted).

Taking the evidence in the light most favorable to plaintiff, a reasonable jury could find that, but for defendants' failure to properly cap the vertical pieces of metal in the area below where plaintiff was working, he would not have suffered impalement injuries. The sequence of events from defendants failing to cap the rebar - or to ensure that it was appropriately capped - to plaintiff's impalement injuries is direct and unbroken. See Taggart v. State, 118 Wn.2d 195, 226 (1992). Defendants' insistence that the collapsing wall was the "but for" cause of plaintiff's fall and resulting injuries misses the point.[2] While the collapse of the wall was undoubtedly a "but

---

[2] At various points in its motion, defendants also assert that their failure to provide adequate dowel protection did not cause the "incident," *i.e.*, the wall to collapse. See Dkt. # 96 at 13; Dkt. # 102 at 1. That assertion, too, misses the mark. The issue is whether STP's alleged breach of duty was the "but for" cause of plaintiff's injuries, not of any particular event in the causal chain.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
REBAR PROTECTION - 4

for" cause of plaintiff's injuries, "there may be more than one cause in fact." Michaels v. CH2M Hill, Inc., 171 Wn.2d 587, 610 (2011). See Joyce v. Dep't of Corr., 155 Wn.2d 306, 322 (2005) (upholding jury determination that defendant's failure to adequately supervise an offender was the but for cause of plaintiff's decedent's death, where other "but for" causes in the sequence of events included the offender stealing a car, running a red light, and colliding with the decedent's vehicle).

Defendants also argue that plaintiff's efforts to cap the exposed rebar broke the causal chain between their breach of duty and plaintiff's injuries. However, there is evidence in the record from which one could conclude that plaintiff's attempts to create a safe work space for himself and his crew did not satisfy industry standards. The defects in plaintiff's efforts may have been caused by a lack of adequate materials or a lack of awareness that stringing 2x4s along the side of vertically exposed rebar did not provide adequate protection. Regardless, it was defendants' duty to ensure a safe work space, and the failure to do so is not excused simply because someone else attempted - and failed - to provide adequate rebar protection. This is not a situation where plaintiff wholly satisfied defendants' duty, and the injuries nevertheless occurred. Nor is there any evidence that plaintiff's actions made the workplace more dangerous in some relevant way. Defendants have not shown that, as a matter of law, plaintiff's attempts to make sure his work environment was safe broke the causal chain between their failure to provide rebar protection and plaintiff's injuries.

**B. Legal Cause**

With regards to legal causation, defendants argue that any breach of duty on their part was simply "too remote or insubstantial to establish legal cause and impose liability." Dkt. # 96

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
REBAR PROTECTION - 5

at 14. See Schooley, 134 Wn.2d at 478-79. Legal causation is determined by the court and depends on considerations of "logic, common sense, justice, policy, and precedent." Id. "The analysis of whether a duty is owed and legal causation exists are intertwined. Whether liability should attach is essentially another aspect of the policy decision which we confronted in deciding whether the duty exists." Michaels, 171 Wn.2d at 612 (internal alterations, quotation marks, and citations omitted).

Washington law expressly imposes upon contractors the duty to ensure a safe workplace as the best means of protecting workers from injury. See Kamla v. Space Needle Corp., 147 Wn.2d 114, 124 (2002) ("Because a general contractor is in the best position, financially and structurally, to ensure WISHA compliance or provide safety equipment to workers, we place 'the prime responsibility for safety of all workers . . . on the general contractor.'") (ellipses in original) (quoting Stute v P.B.M.C. Inc., 114 Wn.2d 454, 463 (1990)). The policy and logic supporting the imposition of that duty also supports the imposition of liability here. If plaintiff proves that, as a result of defendants' breach of the duty to provide a safe workplace, he ended up working above exposed metal dowels, the breach would not be insubstantial. Nor would the possibility of a workplace mishap and/or the nature of the harm plaintiff ultimately suffered be unforeseeable or remote. In fact, it is exactly this type of impalement injury following a fall that Washington is trying to avoid by imposing a duty to provide rebar protection in the first place. Defendants are not entitled to judgment as a matter of law on their legal causation argument.

//

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
REBAR PROTECTION - 6

For all of the foregoing reasons, defendants' motion for summary judgment regarding rebar protection (Dkt. # 96) is DENIED.

Dated this 18th day of June, 2019.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge