UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN WHITTIER,<br><br>          Plaintiff,<br><br>   v.<br><br>SEATTLE TUNNEL PARTNERS, *et al.*,<br><br>          Defendants. | NO. C17-0751RSL<br><br>ORDER DENYING MOTION FOR SANCTIONS |

This matter comes before the Court on "Plaintiff's Motion for Sanctions." Dkt. # 126. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

On May 6, 2019, plaintiff filed a motion in limine seeking production of relevant portions of the "Inspector's Daily Reports" which would either confirm or rebut Seattle Tunnel Partners' contention that there was a "hold point" on the project that should have prevented plaintiff and his crew from being in the elevator shaft on the day of the accident. Dkt. # 115. Plaintiff requested that if the Court declined to compel production or if the records no longer existed, it should impose a rebuttable presumption that the "hold point" had been removed and/or preclude Seattle Tunnel Partners from pursuing this defense. Dkt. # 115 at 6. Defendant immediately produced the "Inspector's Daily Reports" from the relevant time frame.

ORDER DENYING MOTION FOR SANCTIONS - 1

Plaintiff has known of the "Inspector's Daily Reports" since January 23, 2019, when defendant's Rule 30(b)(6) designee testified that, as part of Seattle Tunnel Partners' quality assurance process, its inspectors would have documented the lifting of a "Hold Point" in a daily inspection report. Dkt. # 127-1 at 41. Discovery closed on February 8, 2019, yet there is no indication that plaintiff made an informal request for production of the reports or notified defendant that he thought the reports should have been produced in response to one of his written discovery requests. Instead, plaintiff waited until the motion in limine deadline to seek production.

Despite the untimeliness of the request, defendant produced the documents. Plaintiff responded with this motion for sanctions, stating that he is still unable to discern whether the "hold point" was lifted or remained in place and arguing that the reports should have been produced with Seattle Tunnel Partners' initial disclosures under Rule 26(a)(1), in response to a discovery request seeking documentation proving that the incident was caused by a third-party, and/or at the Rule 30(b)(6) deposition. Plaintiff seeks an order prohibiting defendant from pursuing its "hold point" defense and awarding monetary sanctions to reimburse plaintiff for the time and money he spent trying to investigate the defense. Defendant has provided explanations for the alleged discovery failures, noting that the reports do not support or prove its third-party defense, it never intended to rely on them in this litigation, and that the Rule 30(b)(6) deposition notice requested information regarding quality control - something the subcontractors perform -- not the quality assurance review its inspectors perform. Dkt. # 131 at 9 and 11. Plaintiff made no reply to these arguments, and the Court accepts them as uncontested. Plaintiff has therefore failed to establish a violation of Rule 26, Rule 30(b)(6), or Rule 37.

ORDER DENYING MOTION FOR SANCTIONS - 2

For all of the foregoing reasons, plaintiff's request for sanctions is DENIED.

Dated this 23rd day of August, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR SANCTIONS - 3