UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN WHITTIER,

              Plaintiff,

     v.

SEATTLE TUNNEL PARTNERS, *et al.*,

              Defendants.

NO. C17-0751RSL

ORDER STRIKING DISPOSITIVE MOTION

      This matter comes before the Court on "Defendant Harris Rebar Services Corp, Inc.'s Motion for Summary Judgment of Dismissal." Dkt. # 146.

      The deadline for filing dispositive motions in this case was March 5, 2019. Dkt. # 90. Once the timely-filed motions were resolved, the parties submitted a Joint Status Report (Dkt. # 134) and the Court held a scheduling conference to reset the trial date (Dkt. # 141). Harris Rebar Services Corp, Inc., and HNTB expressed an intent to file belated motions to dismiss. When the Court issued its Amended Order Setting Trial Date & Related Dates, it expressly warned defendants that "[u]nless the other parties agreed to the Court's consideration of the [untimely] motions, [defendants] must establish good cause for an extension fo the dispositive motion deadline under Fed. R. Civ. P. 16 before filing the motions." Dkt. # 142 at 2 n.1. Harris Rebar Services Corp., Inc., has not filed a motion for extension of the dispositive motion

ORDER STRIKING DISPOSITIVE MOTION - 1

deadline, it has not acknowledged its burden under Rule 16, and it has not attempted to show that it was diligent in its efforts to comply with the deadlines set by the Court.[1]

For all of the foregoing reasons, the belated motion to dismiss (Dkt. # 146) is STRICKEN.

Dated this 5th day of February, 2020.

*MRt S Lasnik*

Robert S. Lasnik
United States District Judge

---

[1] Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 142 at 2. Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the revised rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

ORDER STRIKING DISPOSITIVE MOTION - 2