UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN A. WHITTIER,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE TUNNEL PARTNERS, *et al.*,<br><br>Defendants. | Cause No. C17-0751RSL<br><br>ORDER GRANTING IN PART HARRIS REBAR SEATTLE'S MOTIONS IN LIMINE |

This matter comes before the Court on "Defendant Harris Rebar Seattle, Inc.'s Motions in Limine." Dkt. # 111. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court rules as follows:

**1. Non-Party Witnesses**

This motion in limine is unopposed and therefore GRANTED. Non-party fact witnesses will be excluded from the courtroom until they testify.

**2-4. Expert Testimony, Documents Not Disclosed, and Rebuttal Evidence**

Harris Rebar Seattle has not identified the testimony, documents, or other evidence it seeks to exclude through its second, third, and fourth motions in limine. The Court will not make an abstract admissibility determination. These motions in limine are DENIED without

---

[1] Defendant's request for oral argument is DENIED.

ORDER GRANTING IN PART HARRIS
REBAR SEATTLE'S MOTIONS IN LIMINE - 1

prejudice to their assertion if and when objectionable expert testimony or other evidence is offered at trial.

**5. Liability Insurance**

Evidence or argument regarding a liability insurance policy that defendant Seattle Tunnel Partners ("STP") provided to its subcontractors, including Harris Rebar Seattle, may not be admitted to prove that defendants acted negligently. It may, however, be offered for other purposes, such as to show that STP retained control over and liability for the errors of its subcontractors and/or that Harris Rebar Seattle has a reason to testify in favor of STP. The Court takes this motion in limine under advisement.

**6. Settlement Negotiations**

This motion in limine is unopposed and therefore GRANTED. Evidence and argument related to settlement negotiations between the parties will be excluded.

**7 and 8. Employer Identification**

Witnesses and counsel are expected to accurately and truthfully represent the facts as they know them, including with regards to the identification of a witness' employer. Deliberate misrepresentations of fact are sanctionable. Where, however, related corporate entities have allowed their operations, personnel, and roles to overlap or blur, it may be difficult for outsiders to know which entity did and was responsible for what. A good faith mistake regarding corporate forms/entities can be corrected through cross-examination or clarifying evidence: the Court declines to exclude evidence or testimony regarding employer identities simply because it might, in fact, be incorrect.

ORDER GRANTING IN PART HARRIS
REBAR SEATTLE'S MOTIONS IN LIMINE - 2

**9. Claims and Theories Not Disclosed in Discovery**

Harris Rebar Seattle has not identified evidence or testimony that should be excluded. The Court will not make an abstract determination that might unfairly limit the language counsel uses at trial. This motion in limine is DENIED without prejudice to its assertion if and when plaintiff asserts a claim or theory of recovery that was not previously disclosed.

**10. Counsel's Track Record**

This trial has nothing to do with other cases filed by plaintiff's counsel, and counsels' win-loss record, other verdicts and damage awards, and opinions regarding the merits of plaintiff's claims are irrelevant. Counsel may probe prospective jurors' opinions regarding large damage awards, personal injury plaintiffs, and lawyers without disclosing their litigation history or vouching for plaintiff's claims. This motion in limine is GRANTED.

**11. Defective Rebar**

This motion in limine is unopposed and therefore GRANTED. Evidence and argument suggesting that the rebar Harris Rebar Seattle supplied to Central Steel was deficient or defective will be excluded.

**12. Detail Drawings**

Harris Rebar Seattle seeks to exclude from evidence any suggestion that the drawings it created for Central Steel were incorrect or were causally connected to the collapse at issue in this litigation. The Court declines to prejudge the role the drawings played in the context of a contested motion in limine. This motion is DENIED.

ORDER GRANTING IN PART HARRIS
REBAR SEATTLE'S MOTIONS IN LIMINE - 3

**13. Testimony Regarding Witness Reaction to Wall Collapse**

Harris Rebar Seattle seeks to preclude witnesses who were not at the scene of the wall collapse from testifying regarding "where they were when they heard the wall collapsed, what they did after hearing about the wall collapse, or what/whom they were concerned about after the wall collapsed." Dkt. # 111 at 8. It argues that the information is irrelevant, duplicative, and/or hearsay. Whether a particular question will result in irrelevant, duplicative, or hearsay testimony is best determined at trial. The Court takes this matter under advisement.

**14. Expert Douglas McDaniel**

Plaintiff will not call Mr. McDaniel to testify at trial. This motion is limine is therefore GRANTED.

**15. Control of Central Steel's Work**

Harris Rebar Seattle seeks to exclude any suggestion that it controlled the means and methods by which Central Steel constructed the wall at issue. The Court declines to prejudge the role Harris Rebar Seattle (or its detail drawings) played in the way the wall was constructed and the safety procedures used at the site in the context of a contested motion in limine. This motion is DENIED.

//

//

ORDER GRANTING IN PART HARRIS
REBAR SEATTLE'S MOTIONS IN LIMINE - 4

For all of the foregoing reasons, Harris Rebar Seattle's motions in limine (Dkt. # 111) are GRANTED in part.

Dated this 23rd day of May, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART HARRIS
REBAR SEATTLE'S MOTIONS IN LIMINE - 5