UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN A. WHITTIER,

Plaintiff,

v.

SEATTLE TUNNEL PARTNERS, *et al.*,

Defendants.

Cause No. C17-0751RSL

ORDER GRANTING IN PART SEATTLE TUNNEL PARTNERS' MOTIONS IN LIMINE

This matter comes before the Court on "Defendant Seattle Tunnel Partners' Motions in Limine." Dkt. # 113. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court rules as follows:

**1. Untimely or Insufficiently Disclosed Testimony and Evidence**

Seattle Tunnel Partners ("STP") seeks exclusion of any evidence and witnesses that were first disclosed in a pretrial statement provided to STP on April 29, 2019, as a sanction for failing to meet the scheduling requirements of LCR 16(h). The pretrial order deadline (and the corresponding deadlines for the exchange of pretrial statements) was continued after STP filed its motions in limine. Plaintiff therefore has an opportunity to correct any defect in the timing of the April 29, 2019, pretrial statement.

STP also asserts that plaintiff has failed to make comprehensive initial disclosures under Fed. R. Civ. P. 26(a)(1)(A), failed to timely supplement prior disclosures under Fed. R. Civ. P. 26(e)(1)(A), and failed to make adequate expert disclosures under Fed. R. Civ. P. 26(a)(2). It identifies three examples of such failure, but "does not intend to limit any exclusionary order [to those examples]. All undisclosed evidence or damages, whether they are anticipated or not, should be excluded." Dkt. # 113 at 3 n.5. The Court will not make an abstract admissibility determination: to the extent STP has not identified the testimony, documents, or other evidence it seeks to exclude, the motion is DENIED. With regards to the examples provided, the motion is GRANTED in part. The testimony and opinions of experts who were not properly disclosed by the February 1, 2019, deadline, namely Steven W. Bechtold and Douglas McDaniel, will be excluded. The Court takes the motion to exclude post-March 2018 medical records and the testimony of Richard S. Adler, M.D., under advisement.

**2. Certain Testimony from Mark Lawless**

Mr. Lawless will be permitted to testify regarding construction safety standards and practices (including his opinions regarding the industry standard for impalement protection), but he will not be permitted to offer inadequately disclosed opinions regarding plaintiff's medical injuries or the cause thereof.[1] This motion in limine is GRANTED.

---

[1] STP's objections to expert testimony regarding causation is overruled. Causation is an issue of fact (*Armstrong v. Burlington N. R. Co*., 139 F.3d 1277, 1279 (9th Cir. 1998)), and there are numerous situations in which properly supported expert testimony would be helpful (if not essential) to the jury's understanding of the causal relationship between defendant's conduct and plaintiff's injury (*Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1229-30 (9th Cir. 1998)).

**3. Certain Testimony from Richard Gleason**

Mr. Gleason is a safety expert who intends to opine that STP had a nondelegable duty to ensure that the work area was safe prior to the start of work. Mr. Gleason asserts that, as part of that duty, STP was obligated to review the safety and engineering plans for the site, ensure that its subcontractors followed the plans, and to make sure that all rebar was capped. Mr. Gleason further intends to testify that STP failed to comply with a Washington Administrative Code requirement that the wall on which plaintiff was working be supported to prevent collapse (as evidenced by the fact that the wall collapsed). STP has not shown that these opinions were not adequately disclosed, that they are outside Mr. Gleason's area of expertise, or that they would be unhelpful to the jury. This motion in limine is DENIED.

**4. Certain Testimony from Richard Seroussi, M.D.**

Dr. Seroussi will be permitted to testify regarding the nature and extent of plaintiff's left elbow injury and that those injuries were consistent with impacting an exposed piece of rebar. Whether plaintiff actually fell onto exposed rebar must be established through other witnesses and evidence. This motion in limine is GRANTED in part.

**5. Certain Testimony from Tobey Hayes**

Mr. Hayes is an expert in biomechanics and has developed a free-body diagram reconstruction of plaintiff's fall, isolating plaintiff's body and replacing the surrounding environment with the forces that were applied at specific moments. The reconstruction is based on evidence in the record. To the extent STP intends to challenge the underlying evidence, it is free to do so on cross-examination or through the admission of contrary evidence. Mr. Hayes

will be permitted to testify regarding accident reconstruction, injury biomechanics, and the forces that impacted plaintiff's body in the fall and in hypothetical alternative situations (such as if the rebar had been capped). He will not, however, be permitted to opine regarding industry standards, medical causation, or medical record interpretation because those areas do not appear to be within his areas of expertise. This motion in limine is GRANTED in part.

**6. Testimony Regarding Career Prospects**

In 2017 and 2018, Jeff Glockner, a superintendent and former business manager of Iron Workers Local 86, provided three declarations regarding work prospects for ironworkers in the Seattle area, the career options, pay, and benefits available to ironworkers in the area, and plaintiff's comparative positioning with regards to advancement in the trade. STP objects to admission of this testimony[2] on the following grounds:

a. Mr. Glockner lacks sufficient personal knowledge of plaintiff's work ethic, leadership skills, attitude, or job performance to justify his belief that plaintiff was a rising star and had what it takes to advance in the industry;

b. The testimony that plaintiff was "awesome," a "Shining Star," and "was one of those with the 'it' factor" constitutes improper character evidence under Fed. R. Evid. 608 and lacks a proper foundation; and

[2] STP also objects to admission of the declarations themselves as inadmissible hearsay. If Mr. Glockner does not testify at trial, the declarations will not be admitted for the truth of the matters asserted therein.

c. Mr. Glockner lacks personal knowledge regarding the work available to Central Steel ironworkers on the tunnel project.

STP's objections are overruled. Mr. Glockner states that he knows plaintiff "very well" (Dkt. # 114-1 at 9), and STP's citation to one page of deposition testimony recounting a conversation between plaintiff and Mr. Glockner (Dkt. # 114-1 at 20) does not disprove his assertion. STP makes no effort to explain how Mr. Glockner's descriptions of plaintiff constitute "testimony about [plaintiff's] reputation for having a character for truthfulness or untruthfulness" for purposes of Fed. R. of Evid. 608. Nor does Mr. Glockner offer any testimony regarding the volume of work available to Central Steel ironworkers on the tunnel project. Rather, Mr. Glockner will testify regarding the market for ironworker services in the Seattle area, testimony that is based on his forty years in the industry, his familiarity with area employers and the construction demands for the trade, and his roles in the union and on job sites. This motion in limine is DENIED.

**7. Certain Testimony from Bill Brandt**

STP seeks to exclude certain opinions offered by plaintiff's economist on the ground that they are based on Mr. Glockner's inadmissible testimony. STP's objections to Mr. Glockner's testimony have been overruled, however, and STP offers no other reason to exclude the economist's calculations. This motion in limine is DENIED.

**8. Negligence**

STP, relying on the testimony of "the only individual deposed with personal knowledge of the crane situation," argues that its decision to not utilize the crane that was at the site of the

accident to extract plaintiff from the elevator shaft was reasonable and non-negligent because the witness "[didn't] think a crane could get in there because there were struts that were in that area. You couldn't get a basket or anything down inside." Dkt. # 113 at 13; Dkt. # 114-2 at 28. Plaintiff, on the other hand, asserts that he could and should have been extracted using the crane, which would have reduced the pain and suffering he endured while he was slowly carried out on a stretcher. The foundation for each side's statements is unclear. The Court takes this matter under advisement.

**9. Cumulative Testimony and Witnesses**

In an earlier version of his pretrial statement, plaintiff identified 74 witnesses. STP argues that so many witnesses must be cumulative and that if they are all permitted to testify, the jury will be overwhelmed and STP will be denied adequate time to present its defense. As a general matter, unnecessarily cumulative evidence and testimony that is not based on personal knowledge will be excluded. In addition, the parties will be expected to narrow their witness lists to ensure the timely completion of trial and will be required to inform the other side in advance of the identity and sequencing of witness to be called. The Court will not, however, arbitrarily limit the number of co-workers or medical providers who will testify at this point. This motion in limine is DENIED.

**10. Settlement Negotiations**

This motion in limine is unopposed and therefore GRANTED. Evidence and argument related to settlement negotiations between the parties will be excluded.

**11. Financial Position of the Parties**

This motion in limine is unopposed and therefore GRANTED. Evidence and argument regarding STP's assets or the comparative wealth of the parties will be excluded.

**12. Other Accidents, Lawsuits, or Claims**

STP seeks to exclude evidence or argument regarding other accidents at the tunnel project site and news reports of the accident at issue here. The two articles identified by the parties, Exhibits G and H to the Declaration of Kevin M. Hastings, are not relevant to any claim or defense in this lawsuit. Plaintiff acknowledges that evidence of other accidents would be relevant only if it "goes to demonstrate the knowledge of the risks posed to ironworkers like" him. Dkt. # 174 at 13-14. The identified articles reference idiosyncratic injuries to non-ironworkers or post-date plaintiff's injury. They are not, therefore, relevant and will not be admitted into evidence. This motion in limine is GRANTED as to the two articles identified.

**13. Arguments Designed to Inflame or Elicit an Emotional Response**

STP seeks to exclude argument that is designed to elicit an emotional response from the jury, specifically phrases such as "send a message" and the "golden rule."

> The biblical "golden rule" states a standard of conduct for individuals: do unto others as you would have them do unto you. Generally, reference by counsel to the "golden rule" per se, or allusions to the rule such as "urging the jurors to place themselves in the position of one of the parties to the litigation, or to grant a party the recovery they would wish themselves if they were in the same position" constitutes an improper "golden rule" argument. Such an argument is "improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."

*Adkins v. Aluminum Co. of Am*., 110 Wn.2d 128, 139 (1988) (internal footnotes and citations omitted). The motion in limine is GRANTED as to these phrases.

STP also seeks to preclude plaintiff from suggesting that it is "without a heart or soul." This request is taken under advisement. If evidence is admitted which makes such an argument plausible, the statement may be admissible as fair commentary on the evidence rather than an improper expression of personal opinion.

**14. Counsel's Track Record**

This trial has nothing to do with other cases filed by plaintiff's counsel, and counsels' win-loss record and other verdicts/damage awards are irrelevant. This motion in limine is GRANTED.

**15. Use of the Word "Impale"**

STP asserts that the word "impale" not only means pierced with a pointed instrument, but is often used in the context of torture, murder, or mutilation. It seeks to prevent plaintiff from using the word "impale" when describing the accident or his injuries. The Court declines to police plaintiff's word choice. "Impale" is a technically accurate description of what plaintiff describes, the federal regulations regarding safety in construction sites use the term, and there is no risk that the jury will be confused or prejudiced. *See* 29 C.F.R. § 1926.701 ("All protruding reinforcing steel, onto and into which employees could fall, shall be guarded to eliminate the hazard of *impalement*."). This motion in limine is DENIED.

**16. Subsequent Remedial Measures**

Central Steel, plaintiff's employer, developed an Activity Hazard Analysis ("AHA 0479") following the accident in which plaintiff was injured in an effort to address issues believed to have contributed to the wall collapse. STP would like AHA 0479 excluded from trial under Fed. R. Evid. 407, which provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> negligence;
> culpable conduct;
> a defect in a product or its design; or
> a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

Plaintiff will not be permitted to use AHA 0479 to show or argue that STP was negligent or culpable. If, however, STP takes the position that additional precautionary measures were not feasible, that it had no ability to control Central Steel's activities, or that the original AHA it approved was adequate, AHA 0479 may be admissible for other purposes. This motion in limine is taken under advisement.

**17. Expert Reports**

This motion in limine unopposed and therefore GRANTED. The curriculum vitae and reports of expert witnesses will not be admitted into evidence.

**18. Notice of Intent to Call Witnesses**

This motion in limine is taken under advisement and will be discussed at the pretrial conference.

**19. Publication Before Admission or Agreement on Admissibility**

This motion in limine is taken under advisement and will be discussed at the pretrial conference.

For all of the foregoing reasons, STP's motions in limine (Dkt. # 113) are GRANTED in part.

Dated this 23rd day of May, 2022.

Robert S. Lasnik
United States District Judge