UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN A. WHITTIER,<br><br>    Plaintiff,<br><br>    v.<br><br>SEATTLE TUNNEL PARTNERS, *et al.*,<br><br>    Defendants. | Cause No. C17-0751RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE REGARDING THE THREE WEEK LOOK AHEAD |

This matter comes before the Court on "Plaintiff's Motion in Limine re: Three Week Look Ahead." Dkt. # 115.[1] Seattle Tunnel Partners ("STP") has taken the position that it did not know that plaintiff and his co-workers would be in the elevator shaft on the day of the accident because there was a "hold point" on the work in what is known as the "3 Week Look Ahead" schedule. Plaintiff's motion in limine seeks alternative relief. "Plaintiff's preference is that the Court compels production of the 'Inspector's Daily Report' . . . because it likely contains discoverable evidence like a 'diary' of observations and photographs." Dkt. # 115 at 7. Plaintiff hoped that the reports would show that the waterproofing and pre-steel inspection that were

---

[1] Plaintiff filed three separate motions in limine in violation of LCR 7(d)(4). The three motions totaled approximately 20 pages in violation of LCR 7(e)(5). The Court has not considered the last two pages of the third-filed motion, Dkt. # 117, pages 8 and 9.

ORDER DENYING PLAINTIFF'S MOTION
IN LIMINE REGARDING THE THREE
WEEK LOOK AHEAD - 1

holding up the rebar installation had been performed and the area had been cleared for work. If production of the reports is not compelled, plaintiff seeks to exclude all evidence regarding the hold point and any argument that the ironworkers were not supposed to be in the elevator shaft as a sanction for STP's failure to produce the "Inspector's Daily Reports."

The reports were produced on May 8, 2019, two days after plaintiff filed this motion in limine. The Court subsequently denied plaintiff's separate (and duplicative) motion to compel and/or for exclusionary sanctions. Dkt. # 140. In his reply memorandum, plaintiff acknowledges the production it previously sought, but now argues that the reports should be excluded because they are irrelevant (or, contrarily, because they give rise to an inference in his favor). The fact that the reports do not establish, as plaintiff hoped, that the hold point had been satisfied/lifted does not make them irrelevant. Each side will be permitted to make their arguments regarding the existence and effect of the hold point on the date of the accident. The Court will not choose between the disputed inferences in the context of a motion in limine.[2]

//

//

---

[2] Plaintiff's request to reopen discovery so that he can "determine how Defendant intends to establish that there was a hold in effect in the elevator shaft in which Plaintiff was injured" (Dkt. # 181 at 3) is denied. The "3 Week Look Ahead" is evidence of the hold. That plaintiff may be unable to rebut that evidence is not good cause to amend the discovery deadline.

ORDER DENYING PLAINTIFF'S MOTION
IN LIMINE REGARDING THE THREE
WEEK LOOK AHEAD - 2

1          For all of the foregoing reasons, plaintiff's motion in limine (Dkt. # 115) is
2 DENIED.

5      Dated this 23rd day of May, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

28 ORDER DENYING PLAINTIFF'S MOTION
IN LIMINE REGARDING THE THREE
WEEK LOOK AHEAD - 3