UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN A. WHITTIER,<br><br>                    Plaintiff,<br><br>         v.<br><br>SEATTLE TUNNEL PARTNERS, *et al.*,<br><br>                    Defendants. | Cause No. C17-0751RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE |

This matter comes before the Court on "Plaintiff's Omnibus Motions in Limine." Dkt. # 117. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court rules as follows:

**1. Collateral Source**

This motion in limine is unopposed and therefore GRANTED. Evidence of other sources of compensation for plaintiff's injuries and wage loss is inadmissible. Evidence that plaintiff has been retrained may be relevant to the calculation of damages, but the parties shall refrain from mentioning how the vocational training was funded,

---

[1] Plaintiff's request for oral argument is DENIED.

ORDER GRANTING IN PART SEATTLE
TUNNEL PARTNERS' MOTIONS IN LIMINE - 1

**2. Retention of Counsel**

This motion in limine is unopposed and therefore GRANTED. How counsel came to be retained, the terms of the representations, and the size and/or client base of the various law firms involved in this case are not relevant and will not be admitted at trial.

**3. Labor & Industries Citations and Subsequent Appellate Decisions**

This motion in limine is unopposed and therefore GRANTED. No evidence of or arguments regarding agency citations or the subsequent appeals will be permitted.

**4. Certain Testimony from Robb Dibble**

Plaintiff seeks to preclude Mr. Dibble from testifying regarding which tie wires were cut by the sharp edges of the lag screws and which tie wires failed because they were improperly tied. The Court takes this matter under advisement. While it is clear that Mr. Dibble is able to identify the nature of the failure in a photograph of a particular wire, it is unclear whether he can locate the failure within the context of the wall. Dkt. #120-1 at 8-10. Unless a proper foundation is established, Mr. Dibble will not be permitted to testify regarding which tie wires were cut and which untwisted.

**5. Comparative Fault of Other Harris Rebar Entities**

Plaintiff points out that, under Washington law, a party seeking to apportion responsibility based on the fault of a non-party must claim the right to allocation by producing evidence of the non-party's fault. *See Adcox v. Children's Orthopedic Hosp. and Med. Ctr.*, 123 Wn.2d 15, 24-26 (1993). He then seeks a summary determination that defendants have failed to raise a triable issue of fact regarding allocation.

ORDER GRANTING IN PART SEATTLE
TUNNEL PARTNERS' MOTIONS IN LIMINE - 2

Defendants raised fault of non-parties as an affirmative defense in their answers. If, at the close of discovery, plaintiff thought the record devoid of any evidence that a non-party was at fault,[2] he should have filed a dispositive motion by the deadline established in the case management schedule.

**6 - 9. Drug Use, Consulting Experts, Motions Practice, and Benevolent Gestures**

Plaintiff filed three separate motions in limine in violation of LCR 7(d)(4). The three motions totaled approximately 20 pages in violation of the page limits set forth in LCR 7(e)(5). The Court has therefore not considered the overlength portion of the combined motions, which includes motions in limine 6 through 9. Dkt. # 117 at 8-9.

For all of the foregoing reasons, plaintiff's omnibus motions in limine (Dkt. # 117) are GRANTED in part.

Dated this 23rd day of May, 2022.

Robert S. Lasnik
United States District Judge

---

[2] Plaintiff does not address the fact that Central Steel is a Harris Rebar entity. There is significant evidence in the record from which a reasonable fact finder could conclude that Central Steel was at least partly at fault for the collapse of the wall it was building.